In the Matter of LEO W. SPIRA, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

In the Matter of MAX H. HERSHKOWITZ, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

In the Matter of GLEASON B. SPEENBURGH, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

In the Matter of EUGENE HESS, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

In the Matter of GEORGE L. TAYLOR, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

In the Matter of FRANKLIN P. GAVIN, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

In the Matter of GEORGE A. MARCUS, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

In the Matter of JAMES F. DALTON, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

Third Department, July 17, 1961.

20

*John R. Davison* for petitioner.

*Harold E. Blodgett* for Leo W. Spira and another, respondents.

*Gleason B. Speenburgh,* respondent in person.

*Daniel H. Prior, Jr.,* for Eugene Hess, respondent.

*George L. Taylor,* respondent in person.

*William J. Sullivan* for Franklin P. Gavin, respondent.

*Louis Lombardi* for George A. Marcus, respondent.

*James F. Carroll* for James F. Dalton, respondent.

*Per Curiam.* These eight disciplinary proceedings against respondent lawyers instituted by the New York State Bar Association rest on convictions in the United States District Court for the Northern District of New York for violations of Federal income tax laws. Four are classified by Federal law in the grade of felonies; four are in the grade of misdemeanors. All eight convictions constitute such a breach of professional obligation as to warrant disciplinary action. (*Matter of Kivlen,* 13 A D 2d 867 [3d Dept., 1961]; *Matter of D'Adamo,* 11 A D 2d 378 [3d Dept., 1960]; *Matter of Nunan,* 12 A D 2d 365 [1st Dept.,

1961]; *Matter of Levine,* 12 A D 2d 72 [1st Dept., 1960]; *Matter of O'Donnell,* 10 A D 2d 488 [1st Dept., 1960]; *Matter of Edelbaum,* 10 A D 2d 64 [1st Dept., 1960]; *Matter of O'Connell,* 4 A D 2d 673 [2d Dept., 1957]; *Matter of Crosby,* 281 App. Div. 801 [4th Dept., 1953].) Although differences that are possible within the periods of suspension that we impose cannot be large, we nevertheless feel that some distinction ought to be made in the gradation of punishment to reflect in some measure the relative gradation in the basic Federal offense and in general we follow in these distinctions the gradations laid down in the courts of the United States having cognizance of these offenses. Thus, we treat three of the Federal felony charges of filing fraudulent tax returns by imposing the longest period of suspension of six months; and one of such charges where the Federal court fixed a much lighter penalty upon extenuating circumstances, by imposing a suspension of five months. In the four cases based on the Federal misdemeanor of failing to file a return, we impose a suspension of four months on two; of five months on one who held a professional public office and whose professional obligation was thus somewhat more rigorous than a private practitioner; and a suspension of three months on one where the Federal court fixed a much lighter penalty on extenuating circumstances. The following are the facts and the disposition in each case.

In April, 1960, respondent Spira pleaded guilty to four counts of an information charging him with felonies in violation of subdivision (b) of section 145 of the Internal Revenue Code of 1939 (now U. S. Code, tit. 26, § 7201) in that he did knowingly and willfully attempt to evade the payment of income taxes due to the United States of America by the filing of false and fraudulent income tax returns for the years 1953, 1954, 1955 and 1956. He was thereupon sentenced to a prison term of six months, execution of which was suspended, and fined a total of $10,000. He should be suspended for six months.

In April, 1960, respondent Hershkowitz pleaded guilty to four counts of an information charging him with felonies in violation of subdivision (b) of section 145 of the Internal Revenue Code of 1939 (now U. S. Code, tit. 26, § 7201) in that he did knowingly and willfully attempt to evade the payment of income taxes due to the United States of America by the filing of false and fraudulent income tax returns for the years 1953, 1954, 1955 and 1956. He was thereupon sentenced to a prison term of six months, execution of which was suspended, and fined a total of $10,000. He should be suspended for six months.

In February, 1958, respondent Speenburgh pleaded guilty to an indictment charging him with a felony in violation of subdivision (b) of section 145 of the Internal Revenue Code of 1939 (now U. S. Code, tit. 26, § 7201) in that he did knowingly and willfully attempt to evade the payment of income taxes due to the United States of America by the filing of a false and fraudulent return for the year 1951. He was thereupon sentenced to a fine of $5,000. He should be suspended for six months.

In June, 1957, respondent Hess pleaded guilty to an indictment charging him with a felony in violation of subdivision (b) of section 145 of the Internal Revenue Code of 1939 (now U. S. Code, tit. 26, § 7201) in that he did willfully and knowingly attempt to evade the payment of income taxes due to the United States of America by filing a false and fraudulent income tax return for the year 1950. He was thereupon sentenced to pay a fine of $2,750. He should be suspended for five months.

In April, 1960, respondent Taylor, who held the position of Assistant Attorney-General, pleaded guilty to two counts of a four-count information charging him with misdemeanors in violation of section 7203 of the Internal Revenue Code of 1954 (now U. S. Code, tit. 26, § 7203) in that he did willfully fail to file Federal income tax returns for the years 1954, 1955, 1956 and 1957. He was thereupon sentenced to pay a fine of $10,000; the other counts were dismissed. He should be suspended for five months.

In May, 1960, respondent Gavin pleaded guilty to two counts of an information charging him with misdemeanors in that he willfully failed to file income tax returns for the years 1954, 1955 and 1956 in violation of section 7203 of the Internal Revenue Code of 1954 (now U. S. Code, tit. 26, § 7203). He was thereupon sentenced to pay a fine of $10,000. He should be suspended for four months.

In November, 1960, respondent Marcus pleaded guilty to three counts of an information charging him with misdemeanors in violation of section 7203 of the Internal Revenue Code of 1954 (now U. S. Code, tit. 26, § 7203) in that he willfully failed to file income tax returns for the years 1954, 1955, 1956, 1957 and 1958. He was thereupon sentenced to a fine of $10,000. He should be suspended for four months.

In November, 1959, respondent Dalton pleaded guilty to one of three counts of an information charging him with misdemeanors in violation of section 7203 of the Internal Revenue Code of 1954 (now U. S. Code, tit. 26, § 7203) in that he willfully failed to file income tax returns for the years 1954, 1955

and 1956. He was thereupon sentenced to a fine of $1,000 and the remaining counts were dismissed. He should be suspended for three months.

Present—BERGAN, P. J., GIBSON, HERLIHY, REYNOLDS and TAYLOR, JJ.

Respondent Leo W. Spira suspended for six months.
Respondent Max H. Hershkowitz suspended for six months.
Respondent Gleason B. Speenburgh suspended for six months.
Respondent Eugene Hess suspended for five months.
Respondent George L. Taylor suspended for five months.
Respondent Franklin P. Gavin suspended for four months.
Respondent George A. Marcus suspended for four months.
Respondent James F. Dalton suspended for three months.