## (July 14, 1977)

■ In the Matter of JAMES F. DALTON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner.—Respondent was admitted to the Bar by this court on January 27, 1943. Petitioner moves to confirm the report of the Referee which sustained the following charges of profes-

sional misconduct against respondent: three charges of conversion of estate funds and single charges of gross neglect of an estate, commingling of estate moneys with respondent's personal funds and failure to keep accurate financial records of the estate. Respondent opposes the motion to the extent that it seeks to confirm the finding of conversion of estate funds and submits that the charges of conversion should be dismissed for failure of proof. The remaining charges were admitted by respondent's answer. With respect to the charges of conversion, the Referee found that on June 30, 1960 respondent deposited $30,000 of the assets of the estate of William Kahr in three separate savings accounts in the name of the estate and that he thereafter converted an unestablished amount of these moneys to his own use. Respondent, who was the executor of the estate, testified that he withdrew moneys from the savings accounts for various estate purposes including the following: to pay a sum of money to a legatee pursuant to the terms of the decedent's will, to reimburse himself on the occasions when he made the monthly trust payment under the terms of the will to the widow of the deceased from his own checking account and to pay advances to himself for attorney's fees and executor's commissions. However, respondent conceded that he did not have any records to verify the uses to which his withdrawals from the savings accounts were put and it is undisputed that respondent withdrew in cash all but approximately $100 from the savings accounts during a period of a little more than two years. In the absence of any such records or any evidence which would support respondent's uncorroborated statement that he did not convert any of the moneys withdrawn from the savings accounts, we believe that it is reasonable to infer, as the Referee has done in this case, that respondent did convert an unestablished amount of the moneys in the savings accounts to his own use. This is especially true under the unique circumstances of this estate, to wit: letters testamentary were issued to respondent as executor of the estate on March 22, 1960; respondent filed an account on May 1, 1967; objections to the account were filed and, as a result, the Acting Surrogate of Albany County issued an order on February 3, 1972 surcharging respondent $10,500 as executor; that a further order was entered on May 2, 1972 directing respondent to pay into court the sum of $27,355.35 to be used for distribution among certain claimants of the estate, which respondent failed to do; that by order of the Acting Surrogate, dated June 7, 1972, respondent was directed to pay within 20 days the following primary judgments: $750 to the guardian of decedent's two sons, $350 to the guardian of decedent's widow and $9,399.05 to the United States Government on account of its claim for taxes; in addition, the order of June 7, 1972 surcharged respondent $30,656.10 and directed that respondent pay the following secondary judgments from such amount: $6,271.22 to each of decedent's two sons and $18,113.66 to the United States Government to be credited against the balance of their tax claim; that respondent thereafter failed to comply with the order of June 7, 1972 except that payment of $350 was made to the guardian of decedent's widow in 1975; that the Surrogate of Albany County directed respondent to show cause on October 8, 1975 why he should not be punished for contempt for his willful violation and noncompliance with the directions contained in the prior order of June 7, 1972 requiring the payment of certain moneys to the United States Government; that the Surrogate rendered a decision on January 19, 1976 directing that a warrant of commitment be issued against respondent and that he be confined until the sums directed to be paid by the order of June 7, 1972 are paid to the United States Government; and that the warrant of commitment was dismissed on March 8, 1976 upon payment

by respondent of $11,517.08 to the United States Government. As to the present status of the estate, it appears that it has not been judicially settled to date although a new administrator has been appointed in place of respondent. Accordingly, we conclude that the record supports the Referee's findings and the motion to confirm the Referee's report is granted in all respects. In mitigation, respondent testified that he has had a drinking problem for approximately 25 years and that his abuse of alcohol undoubtedly affected his handling of the estate and was substantially responsible for his professional misconduct. In determining the measure of discipline to be imposed, we have also taken respondent's prior misconduct into consideration (Matter of Dalton, 38 AD2d 993; Matter of Dalton, 14 AD2d 19). Under all the circumstances, we conclude that respondent should be suspended from the practice of law for a period of three years and thereafter until the further order of this court. Respondent suspended for a period of three years, the date of commencement to be fixed in the order to be entered hereon. Greenblott, J. P., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.