Jones, J.
We hold that the conviction of respondent attorney under the provisions of section 1001 of title 18 of the United States Code constituted conviction of a felony requiring his mandatory disbarment under subdivision 4 of section 90 of the Judiciary Law.
An indictment was filed in the United States District Court for the Southern District of New York charging respondent in 14 counts with a number of Federal felonies in connection with the procurement of permanent residence in the United States for aliens, through arrangement of marriages with United States citizens (paid to marry for the purpose), by the making of false and fraudulent documents and their submission to the Immigration and Naturalization Service, and by the subornation of false statements and testimony by witnesses in proceedings before the Service. Four counts having been dismissed, on May 17, 1976 respondent was convicted after a jury trial on all 10 remaining counts. On July 1, 1976 he was sentenced to concurrent six-month suspended terms of imprisonment, placed on two years’ probation (conditioned on his not representing or counseling anyone in any matter pending before the Immigration and Naturalization Service during such probation), and fined $23,000.
Petitioner Bar Association thereafter contended that, in the light of the New York State crime of offering a false instrument for filing in the first degree defined in section 175.35 of *492 the Penal Law,[1] respondent’s conviction on 4 of the 10 counts —of violating section 1001 of title 18 of the United States Code[2]—was cognizable as a felony conviction under subdivision 4 of section 90 of the Judiciary Law. On that predicate the Bar Association sought an order striking respondent’s name from the rolls of attorneys and counselors at law of New York. The Appellate Division, invoking what appears to have been a literal interpretation of the majority opinion of this court in Matter of Donegan (282 NY 285), concluded that the Federal crime defined in section 1001 was not a mirror’ equivalent of the New York State crime defined in section 175.35. Specifically the court noted that "the State crime requires 'intent to defraud the state or any political subdivision thereof,’ obviously not descriptive of the Federal agency upon which fraud was practiced” in this instance. The court accordingly denied the application for automatic disbarment but appointed a referee to conduct disciplinary proceedings. (Rules of the Appellate Division, First Department, § 603.12; 22 NYCRR 603.12.) We now reverse and direct respondent’s automatic disbarment.
It is true that in the development of the law as to the scope of subdivision 4 of section 90 of the Judiciary Law[3] frequent *493 cross reference has been made to the somewhat comparable law as to predicate felony sentencing in New York based on a foreign felony conviction. We conclude that such reliance should not be read, however, as mandating confinement to an analysis and application identical to that in predicate felony sentencing. Indeed the perspective with which the sentencing of convicted criminals is approached—the imposition of individual punishment—is quite different from that involved in professional disciplinary proceedings—the protection of the public (Matter of Levy, 37 NY2d 279, 282). For this reason, among others, we reject the contention now made by the Bar Association that our recent decision in People v Parker (41 NY2d 21) announced after the determination of the Appellate Division, requires an automatic disbarment in this case. In Parker we upheld the constitutionality of an interim statute which was in effect at the time respondent committed the acts on which his Federal conviction was based (Penal Law, § 70.06, subd 1, as in effect from Sept. 1, 1973 to Aug. 8, 1975). That statute then provided that conviction of a felony in another State would constitute a predicate felony conviction, without requiring that the criminal conduct in question also be cognizable as a felony in New York State. The issue there was one of constitutionality rather than statutory construction. Furthermore, we cannot conclude that when the pertinent version of subdivision 1 of section 70.06 of the Penal Law was enacted by chapter 277 of the Laws of 1973, or when the provision on which the Bar Association would have us rely was thereafter deleted by chapter 784 of the Laws of 1975, the Legislature had any intention at either time of effecting a tangential substantive impact on subdivision 4 of section 90 of the Judiciary Law.
We conclude that conviction of an attorney for criminal conduct judged by the Congress to be of such seriousness and so offensive to the community as to merit punishment as a felony[4] is sufficient ground to invoke automatic disbarment. Whatever may have been the proper evaluation of a felony *494 conviction in courts other than those of our own State in 1940 when Donegan[5] was decided, we now perceive little or no reason for distinguishing between conviction of a Federal felony and conviction of a New York State felony as a predicate for professional discipline.[5]
[6] Certainly is this so when, as here, there is a New York State felony of substantially the same elements. When it is the underlying conduct of the attorney which calls for disciplinary response, it makes little sense to say that although that conduct has been defined as felonious throughout the Nation under Federal law, the attorney is not to be automatically disbarred unless our State Legislature has enacted a precisely matching felony statute. To accord determinative significance to such statutory discrepancy would be to elevate insignificance.
Additionally in the present instance there is a very close, if not a precise, parallelism between the conduct proscribed by section 1001 and that proscribed by section 175.35. It does not strike us as significant for present purposes that under one statute the filing of the false statement must be with a department or agency of the United States while under the other the filing must be in an office of the State or a political subdivision thereof. Nor are we persuaded by respondent’s contention that under section 175.35, to constitute the defined offense it must be proved that the defendant acted "with intent to defraud the state or any political subdivision thereof’, while such a specific intent has not been held to be an element of the Federal crime (e.g., United States v Simon, 425 F2d 796, cert den 397 US 1006; United States v Adler, 380 F2d 917, cert den 389 US 1006; United States v Marchisio, 344 F2d 653; cf. United States v Lange, 528 F2d 1280). The core of the offense under both statutes is the willful filing in a governmental office of a false statement knowing it to be false. In the present case we hold that such matching suffices.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the matter remitted to the Appellate Division, First Department, for entry of an order striking *495 respondent’s name from the rolls of attorneys and counselors at law of New York.

. Penal Law.
"§ 175.35 Offering a false instrument for filing in the first degree.
"A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant.
"Offering a false instrument for filing in the first degree is a class E felony.”

. Title 18 of the United States Code:
"§ 1001. Statements or entries generally.
"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the saíne to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.”

. New York Judiciary Law.
"§ 90. Admission to and removal from practice by appellate division; character committees. * * *
"4. Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such.
"Whenever any attorney and counsellor-at-law shall be convicted of a felony, there *493 may be presented to the appellate division of the supreme court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be struck from the roll of attorneys.”

. A felony is defined as "an offense for which a sentence to a term of imprisonment in excess of one year may be imposed” (Penal Law, § 10.00, subd 5; cf. US Code, tit 18, § 1, subd [1]). Section 1001 of title 18 authorizes imprisonment for not more than five years (see n 2, supra).

. We note that as in Donegan, in the case now before us, the Federal conviction was in a Federal court sitting in New York for conduct committed in New York, although in Donegan the criminal conduct on which the Federal felony conviction was predicated would apparently have supported only a State misdemeanor conviction.

. We do not now address the effect to be accorded felony convictions in the courts of a sister State or of a foreign country.