In the Matter of PAUL M. KAUFMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, May 4, 1978

### APPEARANCES OF COUNSEL

*James D. Porter, Jr.,* of counsel *(Michael Alan Schwartz* with him on the brief), for petitioner.

*Ostwald & Weinberg* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent, an attorney, was admitted to practice in the First Judicial Department on December 3, 1956. On July 29, 1969, respondent was convicted in the United States District

Court for the Southern District of New York, after a jury trial, of charges of securities fraud (US Code, tit 15, § 77q, subd [a]; § 77x) and conspiracy to defraud securities' purchasers (US Code, tit 18, § 371), Federal felonies. Petitioner, the Committee on Grievances of the Association of the Bar of the City of New York, seeks to have respondent's name stricken from the roll of attorneys pursuant to subdivision 4 of section 90 of the Judiciary Law, contending that under *Matter of Chu* (42 NY2d 490), respondent may be subject to automatic disbarment.

Under the clear mandate of *Matter of Chu,* it is no longer necessary to determine whether New York expressly treats the same conduct in a similar manner. There is nothing in the circumstances underlying the Federal felony conviction herein, nothing of a compelling, mitigating nature which would serve as a basis of substantial merit sufficient to compel distinguishing between the conviction of the Federal felony and conviction in New York State. In light of *Matter of Chu (supra)* under the circumstances herein, the petition is granted and respondent's name is stricken from the roll of attorneys (see, also, *Matter of Peltz,* 60 AD2d 587, mot for lv to app den 43 NY2d 844).

LUPIANO, J. P., FEIN, LANE, SANDLER and SULLIVAN, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York.