In the Matter of STUART SCHIFFMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, May 11, 1978

### APPEARANCES OF COUNSEL

*James D. Porter, Jr. (Oscar J. Cohen* with him on the brief), attorney for petitioner.

*Stuart Schiffman,* respondent *pro se.*

### OPINION OF THE COURT

*Per Curiam.*

Respondent, an attorney, was admitted to practice in the First Judicial Department on November 30, 1960. After plead-

ing guilty, respondent was convicted in the United States District Court for the Southern District of New York of conspiring to violate subdivision (a) of section 77s of title 15 of the United States Code and rule 256(e) (17 CFR 230.256 [e]) and Form 1-A Schedule I as promulgated by the Securities and Exchange Commission (hereinafter SEC) under the Securities Act of 1933 (US Code, tit 15, § 77a *et seq.*), by issuing false and misleading statements in a written offer of securities, in violation of section 371 of title 18 of the United States Code, *a Federal felony,* as set forth in Count 1 of Indictment No. 72 Cr 363; and of conspiring to violate sections 656, 1341, 1343 and 1951 of title 18 of the United States Code and subdivision (a) of section 77q and section 77x of title 15 of the United States Code and rule 256(e) (17 CFR 230.256) promulgated by the SEC under the Securities Act of 1933, by using false and misleading statements in a written offer of securities, in violation of section 371 of title 18 of the United States Code, *a Federal felony,* as set forth in Count 1 of Indictment No. 73, Cr 79; and of conspiring with the use of instrumentalities of interstate commerce and of the mails, to employ deceptive devices in contravention of rule 10(b) (5) (17CFR 240.10b-5), a rule prescribed by the SEC for the protection of investors, to gain control of the market of shares of stock, to manipulate the price of the stock through artificial and rigged trading as well as secret kickbacks to brokers, in order to defraud the public, in violation of section 1341 of title 18 of the United States Code, *a Federal felony,* as set forth in Count 1 of Indictment No. 75 Cr 956. Petitioner, the Committee on Grievances of the Association of the Bar of the City of New York, seeks to have respondent's name stricken from the roll of attorneys pursuant to subdivision 4 of section 90 of the Judiciary Law, contending that under *Matter of Chu* (42 NY2d 490), respondent *may* be subject to automatic disbarment.

Respondent admits the allegations of the petition, except denies the import of *Matter of Chu* as warranting automatic disbarment. The crimes which resulted in the respondent's Federal conviction were committed in 1970 and 1971, while he was president of Kelly, Andrews and Bradley, Inc., a licensed securities broker-dealer. Respondent points out that the analogous New York State statute regarding the fraudulent practices underlying the Federal convictions is article 23-A of the General Business Law which characterizes such activity as a misdemeanor (see, also, Penal Law, § 105.00). Petitioner in its

memorandum admits that this appears to be a case in which the Federal felony of which a respondent was convicted is *not* substantially similar to a New York felony. Asserting that it "does not favor automatic disbarment for every Federal felony," petitioner leaves it to this court to determine whether, in light of *Chu,* automatic disbarment is mandated.

We do not reach the issue of whether *Matter of Chu* impels automatic disbarment of an attorney convicted of a Federal felony. Under the clear mandate of *Chu* it is no longer necessary to determine whether New York expressly treats the same conduct in a similar manner. In *Matter of Hopfl* (62 AD2d 161) only recently decided by this court, we declared:

"The Court of Appeals concluded 'that conviction of an attorney for criminal conduct judged by the Congress to be of such seriousness and so offensive to the community as to merit punishment as a felony is sufficient ground to invoke automatic disbarment', and that there is 'little or no reason for distinguishing between conviction of a Federal felony and conviction of a New York State felony as a predicate for professional discipline' (42 NY2d 490, 493-4). *Donegan* (282 NY 285) was thus effectively rendered a dead letter.

"In an attempt to prevent fraudulent practices in connection with the sale of securities in this state, the legislature, in 1921 enacted Article 23-A of the General Business Law, which is generally referred to as the state 'Blue Sky Law', or the Martin Act * * * The Martin Act is not directed primarily to the punishment of offenders, but rather the protection of the public to a greater degree than the protection provided by an action for fraud, although it may be considered both punitive and preventative" (54 NY Jur, Securities Acts and Civil Frauds, §§ 1, 2).

The Federal Securities Act was enacted in 1933 with further amendments enacted in the Exchange Act of 1934. Thus an additional law was superimposed upon the law of the various States and the laws are regarded as supplementary. In this light, there is nothing in the circumstances underlying the Federal felony conviction herein, nothing of a compelling, mitigating nature which would serve as a basis of substantial merit sufficient to compel distinguishing between the conviction of the Federal felony and conviction in New York State.

Judge JONES, in *Matter of Chu,* pertinently observed that "the perspective with which the sentencing of convicted criminals is approached—the imposition of *individual* punishment

—is quite different from that involved in professional disciplinary proceedings—the protection of the public *(Matter of Levy,* 37 NY2d 279, 282)" *(Matter of Chu,* 42 NY2d 490, 493, *supra;* emphasis supplied). It therefore appears that the Court of Appeals is serving warning on the Bar that its members must observe the canon of ethics and moral proprieties at the very least to the extent that they do not stand convicted of a Federal felony. One cannot argue with the moral propriety of such a position.

The application to strike respondent's name from the roll of attorneys should be granted.

LUPIANO, J. P., SILVERMAN, EVANS, LANE and SANDLER, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York.