In the Matter of MURRAY H. LEIFER, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 13, 1978

### APPEARANCES OF COUNSEL

*James D. Porter, Jr.,* of counsel *(Michael Alan Schwartz, Jr.,* with him on the brief), for petitioner.

*Andrew M. Lawler, Jr.,* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

By petition dated December 14, 1977, petitioner moves pursuant to subdivision 4 of section 90 of the Judiciary Law to have respondent's name stricken from the roll of attorneys by reason of his conviction of a Federal felony in the United States District Court for the Southern District of New York on charges of conspiring to make false statements to the Immigration and Naturalization Service (US Code, tit 18, § 1001; § 371).

Respondent, admitted to practice in the Second Judicial Department on June 19, 1963, pleaded guilty on April 26, 1976 to an indictment charging him with conspiring to cause false or fraudulent statements to be made to the Immigration and Naturalization Service and to the Department of Labor in connection with matters before the Immigration and Naturalization Service. Both respondent and petitioner agree that the conviction, although a felony under Federal law, would not constitute a felony under New York law. The indictment charged defendant and his law partner with conspiracy in advising alien clients to falsify information with respect to prior employment experience and information as to the nature of employment being sought, in connection with applica-

tions by such aliens to obtain labor certification to become permanent residents of this country. The indictment further charged that respondent had hired coconspirator Dunstan Burnett to obtain individuals to sign blank forms as prospective employers of such aliens and thereafter to cause such forms to be completed and to be filed with the Labor Department.

Petitioner, Committee on Grievances of the Association of the Bar of the City of New York, contends that *Matter of Chu* (42 NY2d 490) is applicable. However, it concedes that *Chu* "may be susceptible of different interpretations", as to whether automatic disbarment is required.

Respondent denies that *Matter of Chu* requires automatic disbarment, since the Court of Appeals did not expressly overrule *Matter of Donegan* (282 NY 285). He contends that the holding in *Chu* should not be retroactively applied to him. He alleges he pleaded guilty before *Chu* was decided, on the assumption that automatic disbarment would not result and that any subsequent disciplinary proceeding would require a hearing with an opportunity to offer proof in mitigation. Respondent asserts his guilty plea was entered April 26, 1976 and that District Judge Cooper subsequently suspended execution of sentence and placed him on probation on June 3, 1976. Respondent claims petitioner failed to institute timely disciplinary proceedings and that in January, 1977, in order to facilitate the disciplinary proceedings without further delay, he forwarded to petitioner an amended order of conviction dated November 29, 1976. The discrepancy in dates is not explained. However, it is not material here. *Chu* was not decided until October 13, 1977.

*Matter of Chu (supra)* may be distinguished on the facts. However this is not dispositive. Although the disciplinary proceeding in *Chu* was brought after a full jury trial on the Federal felony indictment and this proceeding is based upon respondent's guilty plea, it is not without significance that both respondent and Chu were charged with violating the same Federal statute. Chu was convicted of acts violating the statute, whereas respondent pleaded guilty to conspiracy to violate it. In *Chu,* the majority found that the Federal felony conviction (violation of US Code, tit 18, § 1001) was also cognizable as a State felony conviction under subdivision 4 of section 90 of the Judiciary Law, i.e., the crime of offering a false instrument for filing in the first degree (Penal Law,

§ 175.35). Here, however, both parties agree that the conspiracy count to which respondent pleaded guilty is a misdemeanor and not a felony in this State.

■ Although the court in *Matter of Chu (supra)* found a comparable State felony, the majority opinion also posited the appropriate standard to be conviction of a Federal felony: "We conclude that conviction of an attorney for criminal conduct judged by the Congress to be of such seriousness and so offensive to the community as to merit punishment as a felony is sufficient ground to invoke automatic disbarment." *(Matter of Chu,* 42 NY2d, at p 493.) This follows, said the court at page 493, from the overriding concern in "professional disciplinary proceedings—the protection of the public *(Matter of Levy,* 37 NY2d 279, 282)."

However, in this proceeding we need not reach a determination as to whether *Matter of Chu (supra)* mandates automatic disbarment following a Federal felony conviction. Here, as in *Chu,* it is of significance that the crime affects and was committed by respondent in his role as an attorney, not in some personal matter. Respondent pleaded guilty to a conspiracy to effect false filings with Federal agencies as an attorney, representing alien clients in connection with applications to obtain labor certification, a conspiracy to do the very acts for which Chu was convicted and disbarred.

■ *Chu* and *Matter of Peltz* (60 AD2d 587, mot for lv to app den 43 NY2d 646, app dsmd 43 NY2d 844, 846) are dispositive of respondent's claim that automatic disbarment in reliance on *Chu* would deny him due process and constitute an ex post facto law because it would apply *Chu* retroactively. It is well settled that ex post facto prohibitions are limited to criminal matters and that attorney disciplinary proceedings and sanctions are not criminal in nature. Moreover, if *Chu* effected a change in the applicable law to require automatic disbarment, its alleged retroactive effect did not preclude disbarment of respondent Chu there. This proceeding was not instituted until after *Chu* was decided. Respondent in *Peltz (supra)* was convicted of the Federal felony in 1970, seven years prior to *Chu.* This is dispositive of respondent's claim of unconscionable delay.

■ There is no merit to respondent's claim of "detrimental reliance", that his plea of guilty to the Federal felony was predicated upon his belief after consultation with counsel that he would not be subject to automatic disbarment pursuant to

subdivision 4 of section 90 of the Judiciary Law. He argues he would not have pleaded guilty had he anticipated the *Chu* result. However, he had no right to assume he would not be disbarred even in the absence of *Chu.* A plea of guilty does not render his conviction ineffectual for purposes of the automatic operation of subdivision 4 of section 90 of the Judiciary Law. *(Matter of Whitestone,* 38 AD2d 92.) Respondent's claim of detrimental reliance is clearly an attempt to vitiate his felony conviction on the ground he did not anticipate its consequences. Such a collateral attack is not available in a disciplinary proceeding. *(Matter of Levy,* 37 NY2d 279.) Nor does such claim demonstrate that his plea was involuntary. *(Brady v United States,* 397 US 742, 757; *McMann v Richardson,* 397 US 759, 774.) Moreover, such an attack on his conviction may be heard only in the Federal forum where the plea was interposed.

 Accordingly, the motion of petitioner should be granted and respondent's name should be stricken from the roll of attorneys and counselors at law.

BIRNS, J. P., EVANS, FEIN, MARKEWICH and SULLIVAN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors at law in the State of New York.