In the Matter of STANLEY NEEDLEMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 13, 1978

## APPEARANCES OF COUNSEL

*James D. Porter, Jr.,* of counsel *(David A. Goldenberg* with him on the brief), for petitioner.

*David R. Paley* of counsel *(Berman, Paley, Goldstein & Berman,* attorneys), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

By petition dated February 27, 1978, petitioner moves pursuant to subdivision 4 of section 90 of the Judiciary Law to have respondent's name stricken from the roll of attorneys by reason of his conviction of a Federal felony in the United States District Court for the Southern District of New York on a charge of willfully and knowingly failing to keep accurate entries in the books and records of a brokerage firm (US Code, tit 15, § 78q, subd [a]; § 78ff; 17 CFR 240.17a-3[a]; US Code, tit 18, § 2).

Respondent, admitted to practice on March 11, 1964, in the Second Department, pleaded guilty on September 1, 1977, to an information charging that while he was the president of P. J. Stanton, a stock brokerage house, he unlawfully, willfully and knowingly caused the firm to violate its duties to accurately make and keep tickets reflecting the true times, prices, terms and conditions of the firm's trading in Industries International stock; in that in connection with his supervision of the preparation and his checking of the accuracy of said tickets, he approved and kept as Stanton's required tickets of its trading in Industries International stock certain tickets which he knew did not reflect the true times, prices, terms and condition of the trades said tickets purported to reflect.

Respondent sets forth factual allegations of mitigating circumstances and relates events which tend to create the impression he is not guilty of the crime for which he was convicted, implying that facts and circumstances of a compelling, mitigating nature exist sufficient to warrant a finding that he is not automatically disbarred by virtue of *Matter of Chu* (42 NY2d 490) under subdivision 4 of section 90 of the Judiciary Law.

Petitioner, Committee on Grievances of the Association of the Bar of the City of New York, suggests that *Matter of Chu* should apply to this case but concedes it is for this court to determine, in light of *Matter of Chu,* whether automatic disbarment is mandated.

Although we find *Matter of Chu* dispositive of the matter before us, we do not reach the question as to whether *Matter of Chu* compels automatic disbarment of an attorney following

a Federal felony conviction. Here it is significant that respondent was convicted of a felony for violation of Federal securities laws.

This court has held on at least two occasions that automatic disbarment was mandated for violation of Federal securities laws (at least where an ingredient of fraud is present, as here) not similar to New York felonies. (*Matter of Schiffman*, 62 AD2d 438; see, also, *Matter of Kaufman*, 62 AD2d 134.)

It is now settled law in disciplinary proceedings that it is no longer necessary to ascertain whether New York has a mirror image statute. Absent compelling, mitigating circumstances of substantial merit, automatic disbarment is mandatory. (*Matter of Kaufman, supra.*) As to the mitigating circumstances, we have determined that the facts and circumstances relating to and underlying the Federal felony conviction herein are insufficient to compel distinguishing between the conviction of the Federal felony and conviction in New York State.

■ Also, we do not reach a determination with respect to respondent's guilt of the crime for which he was convicted. Respondent may not use this forum to relitigate the issue of guilt. (*Matter of Levy*, 37 NY2d 279). Nor may the procedural mechanism by which respondent entered his guilty plea be questioned here. Neither *People v Mackey* (82 Misc 2d 766) nor *People v Smith* (88 Misc 2d 70) is controlling.

Respondent argues that automatic disbarment as a result of the retroactive application of the *Chu* rule would deny him due process and constitute an ex post facto law. Respondent also seeks to ward off automatic disbarment on the ground he would not have pleaded guilty to a Federal felony had he envisioned the *Chu* result. Both of these claims were considered by this court and rejected in *Matter of Leifer* (63 AD2d 174).

Accordingly, the application of petitioner should be granted and respondent's name should be stricken from the roll of attorneys and counselors at law.

KUPFERMAN, J. P., SILVERMAN, EVANS, LANE and MARKEWICH, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors at law in the State of New York.