In the Matter of FRANCIS N. ROSENBAUM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 29, 1980

**APPEARANCES OF COUNSEL**

*Nicholas C. Cooper* for petitioner.

No appearance by the respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Petitioner, Departmental Disciplinary Committee for the First Judicial Department, seeks an order striking respondent's name from the roll of attorneys pursuant to subdivision 4 of section 90 of the Judiciary Law of the State of New York.

Respondent was admitted to practice as an attorney and counselor at law on June 26, 1941 in the Appellate Division of the Supreme Court, First Judicial Department.

Respondent was convicted, upon his plea of guilty, in United States District Court for the Southern District of New York, of, having taken an oath before the Grand Jury that he would testify truly, unlawfully, willfully and knowingly and contrary to such oath made statements under oath which he did not believe to be true. (United States Code, tit 18, § 1621.) He was sentenced to imprisonment for a period of five years to run concurrently with the sentence respondent was serving at Montgomery County Jail, Chevy Chase, Maryland.

Respondent's crime, while a felony under Federal law, is not so classified under New York law because falsity of the statement is apparently not a necessary element of the crime under Federal law but is such an element under State law. (Penal Law, § 210.00, subd 5.)

Under the recent amendments to section 90 (subd 4, par d) of the Judiciary Law (L 1979, ch 674, §§ 1, 2) a crime which has been denominated a felony under the laws of any State, district or territory, or of the United States but one which is not a felony in New York, or a crime which involves "false swearing," is denominated a "serious crime" under the Judiciary Law. In accordance with the mandate of the statute in such cases, this court on October 23, 1979 suspended respondent from the practice of law and directed him to show cause, within 30 days of that date, why a final order of suspension, censure or removal from office should not be made. (Judiciary Law, § 90, subd 4, pars f, g.)

The 30 days have expired and respondent has made no response.

In view of the serious nature of his crime, and his failure to respond to our order to show cause, respondent should be removed from the office of attorney and counselor at law and his name stricken from the roll of attorneys and counselors at law of the State of New York.

SANDLER, J. P., BLOOM, MARKEWICH, SILVERMAN and ROSS, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.