■ In the Matter of HENRY S. HOWARD, Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent, who was admitted to practice by this court on Janu-

ary 14, 1937, was convicted in the United States District Court for the Northern District of New York on April 12, 1978 of the Federal felony of willfully and knowingly attempting to evade payment of income taxes due the United States of America by filing a false and fraudulent income tax return in violation of section 7201 of title 26 of the United States Code. By order of this court, dated July 26, 1978, respondent's name was struck from the roll of attorneys pursuant to subdivision 4 of section 90 of the Judiciary Law and *Matter of Chu* (42 NY2d 490). Chapter 674 of the Laws of 1979, effective July 13, 1979, amended subdivision 4 of section 90 by limiting the mandatory disbarment effect of *Chu* to those Federal felonies which would constitute felonies under the laws of this State. By petition sworn to September 26, 1979, respondent applied to be reinstated and for a hearing, pursuant to section 3 of chapter 674 of the Laws of 1979, on the ground that the Federal crime of which he had been convicted does not constitute a felony under New York law. By order dated October 18, 1979, we deemed our prior order of July 26, 1978 an order of suspension, directed petitioner to file an amended petition of charges containing factual allegations of the misconduct which led to and resulted in respondent's conviction and referred the proceeding for a hearing and report. The hearing Judge has now filed a report in which he notes that, prior to *Chu*, the customary sanction imposed upon an attorney for attempting to evade payment of income taxes by filing a false and fraudulent tax return was a suspension (see, e.g., *Matter of Spira*, 14 AD2d 19). While not condoning respondent's actions, the hearing Judge recommends that the original order of disbarment be converted to an order of suspension *nunc pro tunc* with such sanctions as the court deems appropriate and that favorable consideration be given to respondent's application for reinstatement. In effect, respondent has been suspended from the practice of law since July 26, 1978, the date of our order striking his name from the roll of attorneys. Under all the circumstances, we determine that the period of suspension already served is sufficient punishment for respondent's misconduct in this matter. Therefore, respondent's application for reinstatement is granted and respondent is reinstated as an attorney and counselor at law upon entry of an order in accordance herewith. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.