In the Matter of STANLEY NEEDLEMAN an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 18, 1980

### APPEARANCES OF COUNSEL

*M. Patricia Casey* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Berman, Paley, Goldstein & Berman* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Petitioner departmental disciplinary committee moves to confirm the Referee's report and requests that this court fix a period of suspension for respondent.

Respondent was admitted to the Bar of this State at a term of the Appellate Division, Second Department, on March 11, 1964.

Respondent was convicted, upon his plea of guilty, in the United States District Court for the Southern District of

New York on September 1, 1977 of willfully and knowingly failing to keep accurate entries in the books and records of a brokerage firm (US Code, tit 15, § 78q, subd [a]; § 78ff; 17 CFR 240.17a-3[a]; US Code, tit 18, § 2). This crime is a Federal felony; respondent was automatically disbarred under the *Chu* rule *(Matter of Chu*, 42 NY2d 490) by order of this court dated July 13, 1978.

Thereafter, subdivision 4 of section 90 of the Judiciary Law was amended. On May 6, 1980, in accordance with the statute, this court vacated the disbarment and modified it to be deemed a suspension, pending a hearing.

It appears that after being admitted to the Bar in 1964, respondent practiced law for four years, at which time he interrupted his legal career to work in the securities field.

The misconduct which resulted in respondent's conviction of a Federal crime occurred during a two-week period in February and March, 1973. The brokerage firm which respondent had formed and with which he was connected took a substantial short position with respect to a stock as to which the firm was a "market maker". Records, order tickets, etc., were prepared which did not correctly and completely reflect the circumstances and the arrangement with another firm incident to that short position. Respondent approved and initialed these inaccurate records with knowledge of their inaccuracy and incompleteness.

In July, 1973, respondent sold his interest in the brokerage firm and thereafter obtained a position as house counsel for his present employer. (Immediately upon notice of disbarment, respondent was placed in an administrative, nonlegal position.)

Under section 90 (subd 4, par d) of the Judiciary Law, respondent's infraction constitutes a "serious crime." Our attention has not been called to any exactly corresponding New York State crime. Section 175.05 of the Penal Law, falsifying business records in the second degree, a class A misdemeanor, requires as a necessary element intent to defraud; this does not appear to be a necessary element of the Federal crime. (US Code tit 15, § 78ff.)

There were mitigating factors. The conviction did not arise out of legal practice or involve a client. Respondent ap-

parently had only limited experience in the securities field. There is no indication of any other misconduct by him.

An Assistant United States Attorney involved in the stock fraud investigation stated in a letter apparently for use in connection with the disciplinary proceeding that respondent was "one of, if not *the* least culpable [of the 15 people thus far convicted], with only a peripheral involvement in the overall scheme," and that "the transgressions were 'out of character'," and that respondent co-operated fully with the United States Attorney.

The Referee concluded: "[F]rom the evidence and his demeanor on the witness stand it cannot be said that Respondent is not fit to practice law or that there were no mitigating circumstances." The Referee recommended that respondent's suspension be continued from July 13, 1978 (the date of original disbarment, later deemed an order of suspension) to the date of the order to be entered herein.

We are in accord with this recommendation. Respondent's crime was a serious one, a felony under Federal law. Respondent has been effectively suspended since July 13, 1978; thus, by the time our order herein issues, his suspension will have lasted almost two and one-half years. We think that is an adequate sanction.

While a suspended attorney is normally required to move for reinstatement on termination of his period of suspension, and the matter is then re-examined, we see no necessity in this case to require a new petition for reinstatement as the Referee and the disciplinary committee have both just considered this matter.

Accordingly, the report of the Referee should be approved; respondent should be suspended from July 13, 1978 to the date of the order hereon; and respondent should be reinstated as of the date of that order.

KUPFERMAN, J. P., BIRNS, MARKEWICH, SILVERMAN and BLOOM, JJ., concur.

Motion granted insofar as to approve the report of the Referee, to suspend respondent from July 13, 1978 to the date of entry of this court's order, and respondent is reinstated as of the date of this court's order.