In the Matter of STEPHEN J. MYDANICK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 13, 1981

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Daniel Markewich* and *Gary Brown* of counsel *(Markewich Rosenhaus Markewich & Friedman, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

PER CURIAM.

Respondent was admitted to practice on December 20, 1961 in the Second Department and maintained an office within this department for the practice of law. Respondent was thereafter indicted by a Federal Grand Jury and charged with the crimes of conspiring to defraud the government of the United States in that he and others unlawfully and willfully and knowingly used fraudulent statements and documents in an application to the Small Business Administration (SBA) for an SBA guaranteed loan

in violation of sections 371 and 1001 of title 18 of the United States Code. Respondent was convicted, after trial by jury, of these crimes and sentenced to two concurrent terms of five years imprisonment.

The petitioner, the Departmental Disciplinary Committee, maintains that respondent's conviction under Federal law is a felony and if committed in this State would constitute a felony under New York law (Penal Law, § 175.35). Thus, respondent has been automatically disbarred and his name should be stricken from the roll of attorneys and counselors at law. We are convinced that respondent's conviction under the Federal statutes constitutes a felony in this State. The arguments advanced by respondent that his conduct merely constitutes a misdemeanor in this State are not persuasive. The Court of Appeals has, on a prior occasion, rejected those arguments now advanced (*Matter of Chu*, 42 NY2d 490).

Respondent Chu was convicted under the identical Federal statute as this respondent now stands convicted. In *Chu (supra)*, the court dismissed the argument that under the State statute (Penal Law, § 175.35) it must be shown that respondent acted "with intent to defraud the state or any political subdivision thereof" while this element does not form a part of the alleged comparable Federal statute. This is precisely the same argument now being asserted. In *Chu (supra,* p 494), the Court of Appeals stated: "It does not strike us as significant for present purposes that under one statute the filing of the false statement must be with a department or agency of the United States, while under the other the filing must be in an office of the State or a political subdivision thereof. Nor are we persuaded by respondent's contention that under section 175.35, to constitute the defined offense it must be proved that the defendant acted 'with intent to defraud the state or any political subdivision thereof', while such a specific intent has not been held to be an element of the Federal crime [citations omitted]. The core of the offense under both statutes is the willful filing in a governmental office of a false statement knowing it to be false. In the present case we hold that such matching suffices." Since the Court of Appeals has already determined that conviction for filing a false

statement, *knowing it to be false in any matter*, with a Federal department or agency in violation of section 1001 of title 18 of the United States Code, constitutes a felony in this State in violation of section 175.35 of the Penal Law, respondent has been automatically disbarred. Accordingly, petitioner's motion should be granted and respondent's name stricken from the roll of attorneys and counselors at law.

KUPFERMAN, J. P., FEIN, SANDLER, SULLIVAN and ROSS, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.