In the Matter of SAMUEL STONE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 14, 1981

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*James J. Cally* of counsel *(Cally & Cally,* attorneys), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Petitioner, Departmental Disciplinary Committee for the First Department, moved for an order striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred pursuant to subdivision 4 of section 90 of the Judiciary Law on February 6, 1970, when a judgment was entered in the Federal court convicting him of "unlawfully, wilfully and knowingly giving false testimony after having taken an oath in a matter before a Grand Jury, knowing the same to have been false" (US Code, tit 18, § 1621), and, which if committed in New York, would constitute a class D felony (Penal Law, § 210.15, perjury in the first degree).

On October 2, 1980 this court appointed Honorable HAROLD A. FELIX a Referee in this proceeding and directed a hearing requested by respondent and permitted by statute. (Judiciary Law, § 90, subd 4, par h.) Pending receipt of the report of the hearing respondent was suspended from practice.

Respondent was admitted to practice in the Second Department on April 3, 1929. For his crime he was fined $500 and sentenced to 60 days' imprisonment. His opposition to the petition centers around his contention that the crime of which he was convicted did not constitute a felony under New York law because of the holding in *Matter of Rosenbaum* (72 AD2d 251). In *Rosenbaum (supra,* p 252), this court found that a violation of section 1621 of title 18 of the United States Code does not constitute a felony under New York law because "falsity of the statement is apparently not a necessary element of the crime under Federal law but is such an element under State law." Literally read, a conviction under section 1621 will lie if a defendant willfully and knowingly, under oath, makes a statement which he does not believe to be true. Rosenbaum was nevertheless disbarred because of the serious nature of his crime. Although the court may have believed that falsity was not an element of Rosenbaum's crime, we note that in affirming respondent's conviction the United States Court of Appeals for the Second Circuit stated that an essential element of a violation of section 1621 was "willfully * * * making a false statement". *(United States v Stone,* 429 F2d 138, 140.) Indeed, the judgment against defendant records that he "knowingly [gave] false testimony." Other cases have also held that convictions under section 1621 could only stand if the sworn testimony was false. (See, e.g., *United States v Makris,* 483 F2d 1082, cert den 415 US 914; also *United States v Sweig,* 441 F2d 114, cert den 403 US 932.) Thus, the holding in *Rosenbaum* does not appear to be applicable to defendant's situation.

Even if respondent were not automatically disbarred at the time of his conviction, under subdivision 2 of section 90 of the Judiciary Law (eff April 9, 1945) we have the power to "suspend from practice or remove from office any attorney * * * who is guilty of professional misconduct, mal-

practice, fraud, deceit, crime or misdemeanor". The nature of respondent's offense warrants disbarment under this statute in any event.

Thus, by virtue of subdivision 4 of section 90 of the Judiciary Law, respondent ceased to be an attorney and counselor at law of the State of New York at the moment of his conviction. The motion to confirm the Referee's report should be granted to the extent of granting the petition to strike respondent's name from the roll of attorneys, and the motion to disaffirm should be denied.

MURPHY, P. J., BIRNS, SULLIVAN, ROSS and CARRO, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.