## In the Matter of MURRAY H. LEIFER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 7, 1981

### APPEARANCES OF COUNSEL

*Andrew M. Lawler, Jr.*, for respondent.

*Michael A. Gentile* for petitioner.

### OPINION OF THE COURT

*Per Curiam.*

This is a motion to confirm a Referee's report recommending suspension in lieu of disbarment.

On November 17, 1976, respondent, an attorney who had been admitted to practice on June 19, 1963, was convicted on his plea of guilty in United States District Court (SDNY) of conspiring to make false statements to the Immigration and Naturalization Service. Under Federal law the filing of a false statement with intent to defraud the Government is a felony offense (US Code, tit 18, § 1001), and a conspiracy to commit a felony is likewise a felony (US Code, tit 18, § 371). He was sentenced to three years imprisonment which was suspended, two years probation and a $10,000 fine.

The conspiracy consisted of advising alien applicants, seeking labor certification for permanent residency in the United States, to falsify information with respect to prior employment experience and the nature of employment being sought. Respondent also allegedly hired a coconspirator to obtain individuals to sign blank forms as prospective employers of such aliens, thereafter causing such forms to be completed and filed with the Labor Department.

On July 13, 1978 respondent's name was stricken from the roll of attorneys at law by order of this court (63 AD2d 174). Although the conviction was for a Federal felony, petitioner and respondent agreed that the conspiracy would not constitute a felony under New York law.* We so noted in our decision. However, we concluded that disbarment was required pursuant to *Matter of Chu* (42 NY2d 490), which involved an attorney who was convicted for actions in violation of the very statute which respondent admitted conspiring to violate. As we emphasized in our July, 1978 decision, the crime was committed by respondent in his role as an attorney, not in some personal matter, and it materially affected that role.

Respondent thereafter sought an order vacating or modifying our order of disbarment pursuant to subdivision 4 of section 90 of the Judiciary Law as added by chapter 674 of the Laws of 1979. On October 25, 1979 we ordered a

* Cf. *Matter of Mydanick* (78 AD2d 339) which involved a Federal conviction not only for conspiracy but also for the independent felony of filing a false statement with intent to defraud, for which New York does have a felony analogue (Penal Law, § 175.35).

hearing before a Referee, vacated respondent's disbarment and directed interim suspension in accordance with the statute (72 AD2d 530). After a hearing in January, 1980, the Referee rendered a report recommending the sanction of suspension for two years, commencing July 13, 1978, the date of the order of disbarment. We directed a further hearing (77 AD2d 519) which resulted in the submission of a supplemental Referee's report.

The Referee found that respondent, a lawyer with a wife and four children, had practiced law for 13 years without any difficulties, charges or complaints other than the subject matter of his Federal indictment and conviction.. The Referee acknowledged the numerous letters that had been sent to the Sentencing Judge on respondent's behalf, as well as the high character and reputation of the witnesses who appeared before him. He concluded that respondent was guilty of a "serious crime" within the meaning of section 90 (subd 4, par d)ᴬᴵ of the Judiciary Law rather than the equivalent of a New York felony under paragraph e of subdivision 4.

While terming respondent's conspiratorial acts "reprehensible and without excuse or justification", the Referee noted that these acts were "incidental to a small part" of respondent's practice which included substantial *pro bono* work in immigration matters. The Referee urged that consideration be given to respondent's recent record of contribution to the community and his currently repentant attitude with respect to the former misconduct. The Referee concluded that inasmuch as automatic disbarment was no longer mandated for these offenses in light of the 1979 legislation, the issue was not whether respondent should be disciplined, but rather the nature and extent of the sanctions to be imposed. He recommended the sanction of suspension for two years in lieu of disbarment.

We are satisfied that respondent, by his conduct since his Federal conviction and by reason of his suspension from law practice over the last two years and eight months, has repaid his debt not only to society in general, but also to his profession. We particularly note that petitioner has concurred in respondent's motion to confirm the Referee's

report. Implicit in this concurrence is an acknowledgement that respondent's criminal act under Federal law did not constitute a felony under New York law.

Accordingly, the recommendation of the Referee should be confirmed to the extent that the sanction imposed on July 13, 1978, originally disbarment but subsequently modified to an interim suspension during the pendency of these hearings, is deemed to have been a suspension of the license to practice law in this State; that said suspension has remained in effect until the date of this order; and that in light of the recent review of this matter by the Referee and petitioner, respondent should be reinstated to practice as of the date of this order (Judiciary Law, § 90, subd 4, par f; *Matter of Needleman*, 75 AD2d 753).

BIRNS, J. P., SULLIVAN, ROSS, MARKEWICH and FEIN, JJ., concur.

Respondent reinstated to practice law as an attorney and counselor at law in the State of New York effective as of the date of this court's order.