In the Matter of WILLIAM C. SHERR, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 24, 1983

### APPEARANCES OF COUNSEL

*Jeanne C. O'Rourke* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Gideon J. Karlick* of counsel (*Esterman & Esterman, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice by the Appellate Division, First Department, on November 28, 1949, and at all times relevant herein has maintained an office for the practice of law within the First Judicial Department.

On January 5, 1982, respondent was convicted in the United States District Court, Southern District of New York, upon a verdict of guilty of the crime of perjury (US Code, tit 18, § 1621), a Federal felony.

Petitioner, Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys, on the ground that he was thus automatically disbarred pursuant to section 90 (subd 4, par b) of the Judiciary Law since the crime for which respondent was found guilty, constitutes a felony under New York law, to wit, perjury in the second degree (Penal Law, § 210.10) a class E felony.

Respondent concedes that he was convicted of a felony under Federal law, but argues that this offense is not a felony under New York law, but is most analogous to the crime of perjury in the third degree (Penal Law, § 210.05) a class A misdemeanor.

This court has previously held that conviction of perjury under section 1621 of title 18 of the United States Code was a felony under New York's Penal Law. (*Matter of Mitchell,* 48 AD2d 410, affd 40 NY2d 153; *Matter of Stone,* 80 AD2d 93.)

Respondent's attempt to distinguish the statutory scheme of section 1621 of title 18 of the United States Code and section 210.10 of the Penal Law on the ground that New York's perjury statute adds an additional element of intent to mislead that is absent from the Federal statute, is without merit. The felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, though it must be essentially similar. (*Matter of Cahn v Joint Bar Assn. for Second & Eleventh Judicial Dists.,* 52 NY2d 479; *Matter of Chu,* 42 NY2d 490.)

In the *Matter of Chu* (*supra*) the Court of Appeals rejected a similar argument by the respondent therein that his Federal conviction for violation of section 1001 of title 18 of the United States Code (filing of false documents) did not mirror the equivalent New York statute (Penal Law, § 175.35, offering a false instrument for filing in the first degree) in that the State statute required "intent" to defraud, an element absent from the Federal counterpart. The court held that "[t]he core of the offense under both statutes is the *willful* filing * * * of a false statement knowing it to be false * * * [and] that such matching suffices" (42 NY2d, at p 494; emphasis added). (See, also, *Matter of Mydanick,* 78 AD2d 339.) A similar parallel exists here between the willful making of a false statement under section 1621 of title 18 of the United States Code, and the making of a false statement with the intent to deceive, under section 210.10 of the Penal Law.

Accordingly, petitioner's motion should be granted and respondent's name stricken from the roll of attorneys and counselors at law.

Ross, J. P., Asch, Fein, Milonas and Alexander, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.