In the Matter of CHARLES E. HOPFL, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, May 4, 1978

### APPEARANCES OF COUNSEL

*James D. Porter, Jr. (Oscar J. Cohen* and *Michael A. Schwartz* with him on the brief), for petitioner.

*Andrew M. Lawler, Jr.,* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the Bar in the Second Judicial Department in 1960. This motion by petitioner is to strike respondent's name from the roll of attorneys by reason of his conviction in the United States District Court, Southern District of New York, of violation of section 645 of title 15 of the

United States Code. As here pertinent, that section has to do with false statements made to obtain money under chapter 14A ("Aid to Small Business") of title 15 ("Commerce and Trade"). The charge was that respondent had submitted a false writing "to the Small and Business Administration for the purpose of obtaining money pursuant to the provisions of the Small Business Act." That writing was his covering letter transmitting to the Small Business Administration, in connection with payments to a corporate client for disaster relief, documents signed by employees of the corporation, falsely attesting to work having been done, for which the payments had been made.

The basis for petitioner's application is the decision of the Court of Appeals in *Matter of Chu* (42 NY2d 490) which had reversed our unpublished decision denying a motion by petitioner to strike that respondent's name from the roll of attorneys because the Federal felony of which Chu had been convicted did not have an exact counterpart in the New York Penal Law *(Matter of Donegan,* 282 NY 285). The Court of Appeals concluded (p 493) "that conviction of an attorney for criminal conduct judged by the Congress to be of such seriousness and so offensive to the community as to merit punishment as a felony is sufficient ground to invoke automatic disbarment," and that there is (p 394) "little or no reason for distinguishing between conviction of a Federal felony and conviction of a New York State felony as a predicate for professional discipline." *Donegan* was thus effectively rendered a dead letter.

There are, however, aspects of the instant case which are urged upon us in opposition to the motion to strike respondent's name from the roll of attorneys. The record indicates that, though the court (KNAPP, USDJ) had some qualms about the plea because of doubt that there had been an intent to defraud,* the plea was allowed to stand on the basis of *North Carolina v Alford* (400 US 25) and respondent was placed on probation for a year. No application was ever made to withdraw the plea. It is noted that the statute (US Code, tit 15, § 645) speaks only of making a "statement knowing it to be false * * * for the purpose of * * * obtaining money * * * under this chapter," and says nothing of intent to defraud.

---

* "Therefore, I will sentence him merely on the record of the plea, which was that without intent to defraud anybody, he caused to be filed a record for which he must take responsibility because it turned out to be inaccurate."

Even assuming that any effect can be given to the court's statement on sentence, it is mitigatory only on sentence, and leaves standing the imputation that respondent was knowing and negligent in his transmittal of false statements for the purpose indicated.

What is important is that the conviction is of felony and finds an analogue in section 175.35 of the Penal Law, "offering a false instrument for filing," a class E felony, and the identical section featured in *Chu.* The distinction between the two sections is precisely that made by this court in *Chu,* and rejected by the Court of Appeals: that the New York section is limited to false filing "with intent to defraud the state or any political subdivision thereof." Our highest court found in *Chu,* as we find here (p 494), "a New York felony of substantially the same elements."

It must be mentioned that the instant motion did not come on in the usual way. Under the accelerated disciplinary procedures (rule 603.4 of the Rules of the First Department; 22 NYCRR 603.4) our Referee had been designated to hear and report on charges of misconduct based on the Federal conviction and had rendered his report sustaining the charge and recommending discipline, when, instead of a motion to confirm, petitioner moved under *Chu* to have automatic disbarment take effect. This makes no difference, being a request for a form of relief different from that originally sought, but based on the identical record. Respondent makes certain arguments, however, against automatic disbarment, which may be summarized (and disposed of in few words): that *Chu* does not mandate automatic disbarment in all cases (but this case follows the pattern found in *Chu);* that *Chu* should not apply retroactively (an argument rejected by the Court of Appeals in the application for leave to appeal from Second Department's *Chu* -type disbarment in *Matter of Peltz* (60 AD2d 587, mot for lv to app den 43 NY2d 844); deprivation of equal protection and unconscionable delay in proceeding, as well as unfairness in invoking *Chu* while a Referee's report after hearing was extant (all raised and rejected by the Court of Appeals in *Peltz).*

This case is so similar to *Chu* as to require automatic disbarment. The remarks in the District Court on sentence are possibly disturbing in that it may be argued that the sanction of disbarment is oversevere in an *Alford* case, and that respondent is deprived of consideration for a possibly softer

sanction. However, in pleading guilty while specifically denying the unnecessary ingredient of intent to defraud, respondent did not deny the operative facts, and he never, for whatever reason, did anything to upset the conviction.

The application to strike respondent's name from the roll of attorneys should be granted, and the outstanding order of reference vacated.

BIRNS, J. P., FEIN, LANE, MARKEWICH and SULLIVAN, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York, order of reference vacated and respondent's application for a stay pending further appeal denied.