In the Matter of BERNARD M. BRICKEL (Admitted as BERNARD MICHAEL BRICKEL), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 20, 1978

### APPEARANCES OF COUNSEL

*James D. Porter, Jr.,* for petitioner.

*Bernard M. Brickel,* respondent *pro se.*

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the Bar in the First Judicial Department on March 31, 1969. On June 4, 1976, respondent was convicted in the United States District Court for the Southern District of New York upon a plea of guilty of four counts of unlawfully, willfully and knowingly making false statements upon loan commitments (notes) and guarantees, to banks, the deposits of each of which were then and there insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the said banks to approve such loans (a

Federal felony in violation of US Code, tit 18, § 1014). Petitioner, the Committee on Grievances of the Association of the Bar of the City of New York, seeks to have respondent's name stricken from the roll of attorneys pursuant to subdivision 4 of section 90 of the Judiciary Law, contending that under *Matter of Chu* (42 NY2d 490 [1977]), respondent may be subject to automatic disbarment.

Under the clear mandate of *Matter of Chu (supra)* it is no longer necessary to determine whether New York expressly treats the same conduct in a similar manner. There is nothing in the circumstances underlying the Federal felony conviction herein, nothing of a compelling, mitigating nature which would serve as a basis of substantial merit sufficient to compel distinguishing between the conviction of the Federal felony and conviction in New York State. We recognize that respondent stands convicted of a Federal felony and that the circumstances herein are analogous to those in *Matter of Hopfl* (62 AD2d 161). Thus, the Federal conviction finds an analogue in section 175.35 of the Penal Law: "offering a false instrument for filing," a class E felony *(Matter of Hopfl, supra;* see, also, *Matter of Chu, supra).* In light of *Matter of Chu (supra)* under circumstances herein, the petition should be granted and respondent's name stricken from the roll of attorneys.

MURPHY, P. J., KUPFERMAN, LUPIANO, BIRNS and FEIN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors at law in the State of New York.