# (March 2, 1984)

■ In the Matter of ALBERT W. FISHER, Attorney, Petitioner. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Respondent. — Petitioner was admitted to practice as an attorney and counselor at law at the March 1961 term of the Appellate Division, Second Judicial Department, and maintains an office for the practice of law in the City of Albany. On November 18, 1983 he was convicted in the United States District Court for the Northern District of New York, upon his plea of guilty, of filing a false loan application in violation of section 1014 of title 18 of the United States Code. He was sentenced to a term of probation of one year and fined $5,000. ¶ Contending that his crime, while a Federal felony, does not constitute a New York felony mandating his automatic disbarment but, rather, a serious crime within the meaning of section 90 (subd 4, par d) of the Judiciary Law requiring only his immediate suspension, petitioner moves to set aside such suspension pending the resolution of proceedings to determine the appropriate discipline to be imposed on account of his conviction. Respondent opposes the motion, urging that petitioner's Federal felony conviction is essentially similar to the New York felony of offering a false instrument for filing in the first degree (Penal Law, § 175.35) thus subjecting petitioner to automatic disbarment. ¶ While the issue is close, we conclude that the Federal felony does not have "essential similarity" (*Matter of Margiotta*, 60 NY2d 147, 150) to the New York felony. The core of the Federal offense of which petitioner stands convicted is the willful making of a false statement in a loan or credit application to a bank for the purpose of influencing the action of said bank, while the core of the State offense is the willful filing in a governmental office of a false statement knowing it to be false with intent to defraud the State or any political subdivision thereof (cf. *Matter of Brickel*, 63 AD2d 448). ¶ However, petitioner has been convicted of a serious crime and, under the circumstances here present, we find that he has failed to demonstrate that we should set aside the automatic suspension mandated by section 90 (subd 4, par f) of the Judiciary Law. ¶ Motion to set aside suspension denied and petitioner suspended as an attorney and counselor at law until further order of the court. Order entered. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.