■ In the Matter of ALBERT W. FISHER, an Attorney, Petitioner. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Respondent. — In this disciplinary proceeding, peti-

tioner, an Albany attorney admitted to practice in March, 1961 by the Appellate Division, Second Judicial Department, moves to disaffirm, in part, the report of the referee, and respondent cross-moves to confirm the report in its entirety.

On May 9, 1980, petitioner accompanied Alan A. Sloane to the Banker's Trust Company of Albany for the purpose of obtaining a $30,000 loan to be used to cover recent expenditures of one of Sloane's corporations. When the bank's senior loan officer advised them that Sloane's credit would not justify the loan, petitioner, a CPA with a net worth exceeding $5 million, agreed to the loan officer's suggestion that he obtain the loan and furnish Sloane with the needed money. Petitioner then signed a loan application, prepared by the loan officer, which contained a false statement as to the loan's purpose. The account of one of petitioner's corporations was credited with $30,000 and this amount was then transferred to Sloane.

In December, 1980, petitioner, who had acted as an accountant for Sloane and his corporations, was subpoenaed to testify before a Federal Grand Jury investigating the potential tax liability of Sloane and his corporations. In connection with the investigation the United States Attorney subpoenaed petitioner's loan account records from Banker's Trust. Thereafter, the bank's loan officer prepared a new loan application, changing the false statement of purpose on the original application to read "loan to business associate". This new loan application, which was backdated to May 9, 1980, was also signed by petitioner.

Petitioner was charged by Federal authorities with knowingly making a materially false statement in a loan application submitted to a bank insured by the Federal Deposit Insurance Corporation (FDIC) for the purpose of influencing the bank to approve the loan. On September 9, 1983, petitioner pleaded guilty in Federal District Court for the Northern District of New York to filing a false loan application in violation of section 1014 of title 18 of the United States Code, a felony. He was sentenced to a fine of $5,000 and one year's probation.

As a result of petitioner's conviction of a Federal felony, he was automatically suspended from practice by operation of law (Judiciary Law, § 90, subd 4, pars d, f). Thereafter, petitioner made an application for an order setting aside the automatic suspension pending determination by this court of the final measure of discipline (Judiciary Law, § 90, subd 4, par f). In opposition, respondent argued that automatic disbarment was required since respondent's crime was essentially similar to a State felony (see Judiciary Law, § 90, subd 4, pars a, e). This court rejected respondent's argument but also denied petition-

er's application to set aside his automatic suspension (*Matter of Fisher,* 100 AD2d 656).

Petitioner's subsequent application for a hearing in mitigation (Judiciary Law, § 90, subd 4, par h) was granted and a referee was assigned to hear, report and make a recommendation in accordance with the statute. After a hearing, the filing of posttrial memoranda and proposed findings of fact, the referee filed his report wherein he recommended that petitioner be suspended from the practice of law.

This motion by petitioner to disaffirm, in part, the report of the referee and respondent's cross motion to confirm the report in its entirety ensued.

While petitioner argues that the loan application was not a significant document and the false statement in the original application was immaterial to petitioner's obtaining the loan, it is nevertheless uncontested that on May 9, 1980 he signed a loan application containing a false statement of the loan's purpose, that the loan was granted and the proceeds used for a purpose other than that stated on the application, that petitioner signed a second loan application which had been backdated to the date of the first application and correctly stated the purpose of the loan, and that such conduct caused him to be indicted by a Federal Grand Jury for a violation of section 1014 of title 18 of the United States Code. Further, petitioner's argument can only relate to the issue of punishment since the purpose of the hearing was not to determine if petitioner was guilty of the offense for which he was convicted but to ascertain whether mitigating factors exist which should be considered by this court prior to the imposition of discipline (Judiciary Law, § 90, subd 4, par h; *Matter of Levy,* 37 NY2d 279).

Accordingly, petitioner's motion to disaffirm, in part, the referee's report is denied and respondent's cross motion to confirm the report in its entirety is granted.

Turning to the issue of discipline, we conclude that petitioner has demonstrated some mitigating factors surrounding the loan transaction in question: the false statement contained on the application was concocted by the bank's loan officer and was probably unnecessary for petitioner to have been granted the loan; given petitioner's net worth, he could have obtained the loan in any event, a fact that could absolve any fraudulent intent or corrupt motive on petitioner's part in signing the loan application; the loan was repaid on time and in full; and petitioner has never before been the subject of professional disciplinary proceedings and apparently enjoys an excellent reputation in the local business and legal community. However, the fact

remains that petitioner has been convicted of a Federal felony and the actions which led to his conviction cannot be condoned. Petitioner has been suspended since March of this year as a result of the automatic suspension provisions of the Judiciary Law. Based upon the mitigating factors mentioned above, we find that a suspension from the practice of law for a period of one year, effective *nunc pro tunc* from March 13, 1984, to be an appropriate sanction.

Petitioner suspended for a period of one year effective March 13, 1984. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.