## In re Peter J. Weissman
### (13085)

Peters, C. J., Healey, Shea, F. Hennessy and Barall, Js.

Argued April 3—decision released May 5, 1987

*Seymour N. Weinstein,* for the appellant (statewide bar counsel).

*Peter J. Weissman,* pro se, the appellee (respondent).

Peters, C. J. This case involves the discipline, under state law, of an attorney who has been suspended for one year from the practice of law before the United States District Court for the District of Connecticut. Relying on that order of suspension and its underlying history, the statewide bar counsel petitioned the Superior Court to take commensurate action against the respondent, Peter J. Weissman, with regard to his practice as a member of the bar of the state of Con-

necticut. After the issuance of an order to show cause by the trial court, *Cioffi, J.*, there was a full hearing by the trial court, *Emmett, J.*, which resulted in an order that the respondent be suspended from state practice for a period of one month. The petitioner, the statewide bar counsel, has appealed. We find no error.

The facts are undisputed. The respondent's suspension from practice in the federal court resulted from his conviction, by a plea of guilty, for the crime of wilfully failing to file a federal income tax return for the calendar year 1980 in violation of 26 U.S.C. § 7203, a misdemeanor. As a result of this conviction, the respondent was sentenced, on October 24, 1984, to a term of one year incarceration, but the execution of this sentence was suspended and the respondent was placed on probation for two years. In July, 1985, the federal grievance committee reviewing this conviction recommended that the respondent be suspended from federal practice for one year. The respondent acquiesced in this recommendation. A formal order of suspension was issued by the federal court on December 27, 1985.

The petitioner initiated the state disciplinary proceeding on February 4, 1986, in reliance upon the reciprocity provisions of Practice Book § 26C, which had become effective on October 1, 1985.[1] That section requires that the statewide bar counsel, "[u]pon being informed that a lawyer admitted to the Connecticut bar has resigned, been disbarred, suspended or otherwise disciplined . . . in another jurisdiction . . . shall obtain a certified copy of the [disciplinary] order and file it with the superior court for the judicial district wherein the lawyer maintains an office for the practice of law in this state . . . ." Practice Book § 26C (a). Thereafter, the lawyer must respond to an order to show cause with

---

[1] After the petitioner initiated this proceeding, Practice Book § 26C was amended and renumbered as § 28A, effective July 1, 1986.

"an answer admitting or denying the action in the other jurisdiction and setting forth, if any, reasons why commensurate action in this state would be unwarranted." Practice Book § 26C (b). Under the rule, "[the] certified copy will constitute prima facie evidence that the order of the other jurisdiction entered and that the findings contained therein are true." Practice Book § 26C (b). Finally, the rule provides that, "[a]fter hearing, the court shall impose commensurate action unless it is found that any defense set forth in the answer has been established by clear and convincing evidence." Practice Book § 26C (c).

In the trial court, the respondent asserted that commensurate discipline was unwarranted for two reasons: (1) Practice Book § 26C should not be applied in his case because it was not yet effective at the time when he agreed not to contest his federal suspension; and (2) commensurate discipline would subject him to undue hardship because, in light of the location of his practice, state suspension would have a more severe impact than his federal suspension. In the latter regard, the respondent also relied on personal factors of a mitigating nature which, he claimed, contributed to his federal conviction.

The trial court agreed with the major part of the respondent's first defense, concluding that it would be arbitrary to apply to this respondent the provisions of § 26C that shift to him, upon the conclusion of federal disciplinary proceedings, the burden of proof in a disciplinary hearing in this state. Nonetheless, the court determined that the underlying facts leading to the federal disciplinary order were properly before the court, despite the delay in the completion of the federal proceedings.

The trial court then addressed its own responsibility, apart from the reciprocity provisions of § 26C, for

the discipline of a lawyer who has admitted to and been convicted of the crime of wilfully failing to file a federal income tax return. The court considered the seriousness of the respondent's misconduct, as well as the relative lack of harm thereby caused to his clients, and ordered that he be suspended from state practice for a period of one month.

The petitioner's appeal urges us to overturn the judgment ordering a one month suspension on the ground that the trial court erred in failing to apply § 26C of the Practice Book to the petition for reciprocal discipline of the respondent. The petitioner claims that application of § 26C in this case would not be retroactive, because the petition for reciprocal discipline was premised on a federal court order of suspension, dated December 23, 1985, which postdated the October 1, 1985 effective date of § 26C. In the alternative, the petitioner claims that the changes embodied in § 26C, because they are procedural in nature, could appropriately be applied retroactively to actions accruing before the effective date of the section. We are unpersuaded that retroactive application of § 26C was an issue on the record of this case, and therefore find no error in the judgment of the trial court.

The provisions of § 26C were intended to create a basis for the reciprocal discipline of Connecticut lawyers who have been held to have engaged in misconduct in other jurisdictions. To that end, a certified copy of the official disciplinary order of another jurisdiction establishes, prima facie, the validity of the order and the accuracy of its underlying findings. In this respect, § 26C parallels a number of state statutes that give effect to foreign judgments. See, e.g., General Statutes §§ 46b-70 through 46b-75 (foreign matrimonial judgments); General Statutes §§ 46b-179 through 46b-179d (foreign paternity judgments); General Statutes §§ 46b-180 through 46b-211 (reciprocal enforce-

ment of support); General Statutes §§ 52-604 through 52-609 (enforcement of foreign judgments). Under § 26C (c), a lawyer who offers a defense to the disciplinary order of the other jurisdiction is obligated to prove such a defense "by clear and convincing evidence." In the absence of such a rebuttal of the disciplinary order of the other jurisdiction, the trial court in this state must, after a hearing, "impose commensurate action."

In the circumstances of this case, however, it was irrelevant that § 26C establishes the prima facie validity of the federal order suspending the respondent from federal practice. The respondent challenged neither the federal order itself nor the findings of fact relating thereto. That order was simply a given in the present proceedings before the trial court.

The basic issue in the trial court was what state action was appropriate in view of the federal order of suspension. As counsel for the petitioner conceded at oral argument before this court, "commensurate action" under § 26C (c) does not mean "identical action." The trial court had inherent judicial power, derived from judicial responsibility for the administration of justice, to exercise sound discretion to determine what sanction to impose in light of the entire record before it. *Grievance Committee* v. *Sinn,* 128 Conn. 419, 422, 23 A.2d 516 (1941); *Grievance Committee* v. *Broder,* 112 Conn. 263, 266, 152 A. 292 (1930); *Grievance Committee* v. *Ennis,* 84 Conn. 594, 602, 80 A. 767 (1911); *In re Durant,* 80 Conn. 140, 147–48, 67 A. 497 (1907). That record included, in this case, the federal order of suspension, its underlying facts, and the mitigating circumstances presented by the respondent. Once it is conceded that "commensurate action" does not require "identical action," the petitioner's claim of error is reduced to a claim that the sanction imposed by the trial court was an abuse of its discretion. The petitioner

has not sustained his burden of proving such a claim, and we therefore conclude that there was no abuse of discretion. In these circumstances, whether or not § 26C were to be applied in this case, the trial court was justified in ordering the respondent suspended from his state practice for a period of one month.

There is no error.

In this opinion the other justices concurred.