In the Matter of PETER E. NOVICK, an Attorney.

Fourth Department, March 16, 1990

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso* for Office of Grievance Committees.

*Peter E. Novick,* petitioner *pro se.*

### OPINION OF THE COURT

Per Curiam.

On reargument, petitioner requests this court to reconsider and vacate its previous order of mandatory disbarment (154 AD2d 949) because his conviction for violating 18 USC § 1010

did not constitute a felony within the meaning of Judiciary Law § 90 (4) (e). In support of his request, petitioner relies upon *Matter of Fisher* (100 AD2d 656) wherein the Third Department held that a guilty plea to a felony under 18 USC § 1014 was essentially similar to the New York misdemeanor of issuing a false financial statement (Penal Law § 175.45) rather than the New York felony involving false governmental filings (Penal Law § 175.35).

In the present case, however, unlike *Fisher (supra),* the conviction under 18 USC § 1010 involves a false filing directly with a governmental agency and not a third-party lender. It was upon that distinction that the Third Department based its conclusions. Because the false filing was made directly to the governmental agency, we reaffirm our prior determination that petitioner's conviction of a Federal felony under 18 USC § 1010 is equivalent to a felony conviction under Penal Law § 175.35 which mandates an order of disbarment (Judiciary Law § 90 [4] [e]; *see, Matter of Brickel,* 63 AD2d 448; *Matter of Hopfl,* 62 AD2d 161, *affd* 48 NY2d 859). Petitioner's remaining arguments are lacking in merit *(see, Matter of Chu,* 42 NY2d 490, 494).

DILLON, P. J., CALLAHAN, DOERR, DENMAN and GREEN, JJ., concur.

On reargument, order entered September 25, 1989 vacated, and order of disbarment entered pursuant to Judiciary Law § 90 (4) (e).