(February 26, 1993)

■ In the Matter of GINA DIELI CECIL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner.— Per Curiam. Respondent was admitted to practice by this Court in 1985. She currently resides in Texas.

In November 1992, respondent was convicted in the United States District Court for the District of Connecticut upon her plea of guilty to a violation of 18 USC § 1014, making false statements to a Federally-insured financial institution, a serious crime as that term is defined in Judiciary Law § 90 (4) (d). The District Court sentenced her to a suspended term of imprisonment of one year and to probation for one year and fined her $5,000. On account of such conviction and by decision and order dated December 14, 1992, respondent was suspended from the practice of law until such time as a final disciplinary order was entered in this matter and was directed to show cause why such final order of suspension, censure or removal from office should not be made (Matter of Cecil, 188 AD2d 831). Respondent reports that, because of her conviction and by order dated January 21, 1993, she was suspended from the practice of law in Connecticut for a period of one year retroactive to November 3, 1992, the date of her conviction.

It appears that respondent's offense was part of a larger fraudulent real estate scheme involving an attorney from whom she accepted real estate closing referrals and with whom she shared office space. Specifically, she falsely reported certain disbursements on a Federal form to be submitted to a lending institution. Although she professes some naivete (having practiced law for only a few years prior to the criminal offense) and her participation in the scheme appears minor, her overall knowledge of the scheme was such that she should have distanced herself from it rather than become a pawn in it. On the other hand, her active and forthright cooperation with the Federal authorities helped convict the referring attorney.

Respondent has no prior criminal or disciplinary record. The sentencing Judge believed respondent was deserving of merciful treatment at the hands of the criminal justice system. We also note that respondent has achieved much despite

humble beginnings and appears to be an asset to her community, especially to the schools which her children attend.

In view of all of the above, we find that respondent should be suspended from the practice of law for a period of one year, effective *nunc pro tunc* as of December 14, 1992 *(see, e.g., Matter of Fisher,* 100 AD2d 656; 105 AD2d 452).

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that pursuant to Judiciary Law § 90 (4) (d) respondent is hereby suspended from the practice of law for a period of one year, effective *nunc pro tunc* as of December 14, 1992, and until further order of this Court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period she has actually refrained from attempting to practice as an attorney and counselor at law, that she has complied fully with the provisions of section 806.12 (b) of this Court's rules governing the conduct of attorneys (22 NYCRR part 806), and that she has otherwise properly conducted herself during the period of her suspension; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and she hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.