[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The respondent, John Gregory Griffin, was admitted to the Connecticut bar on September 11, 1973 but has not been an active member of this bar for approximately 18 years. On or about June 17, 1993, he plead guilty to four counts of violating18 U.S.C 1014 2, i.e., making false statements to a federally insured bank, and received a one year suspended sentence with two years probation. On March 29, 1995, the Supreme Judicial Court of the Commonwealth of Massachusetts suspended the respondent from the practice of law for three years retroactive to May 13, 1993, the date of his temporary suspension. Mr. Griffin did not notify the plaintiff of the criminal proceedings or the suspension.
Pursuant to Practice Book § 28A, the present action for reciprocal discipline,[1] was commenced on May 23, 1995, but due to service problems and the need for publication, a hearing was not held until March 27, 1996. Mr. Griffin filed an answer, dated February 28, 1996, admitting the disciplinary action of the Massachusetts court. At the hearing, Mr. Griffin apologized to this court for not notifying the Committee and represented that he was taking certain courses in order to reapply for admission to the Massachusetts Bar.
In addition to the request for reciprocal proceedings, the Committee also seeks disciplinary action for the respondent's failure to register with the Committee pursuant to P.B. § 27A(d)[2]. Mr. Griffin admitted that he had not so registered CT Page 3353 but stated that he believed there was no such requirement. According to P.B. § 27A(e), a violation of this notification requirement "shall constitute misconduct." The Committee has requested that Mr. Griffin be suspended for a like three year period, effective with the issuance of this decision. Mr. Griffin requests that it be similar to the Massachusetts order, i.e., three years retroactive to May 13, 1993.
Practice Book § 28, entitled Reciprocal Discipline, provides a mechanism for the Statewide Bar Council to commence a judicial action "upon being informed that a lawyer admitted to the Connecticut bar has resigned, been disbarred, suspended or otherwise disciplined . . . in another jurisdiction." The lawyer shall file an answer "admitting or denying the action. . and setting forth, if any, reasons why commensurate action in this state would be unwarranted." Finally, "[a]fter hearing, the court shall take commensurate action unless it is found that any defense set forth in the answer has been established by clear and convincing evidence." As previously noted, the answer admits that Massachusetts has disciplined him but does not contest the allegations of failure to register.
The phrase "commensurate action" has been defined by our Supreme Court in In re Weissman, 203 Conn. 380, 384 (1987) where it held that "'commensurate action' under P.B. § 26C(C) [the predecessor to § 28A] does not mean `identical action'. The trial court had inherent judicial power, derived from judicial responsibility for the administration of justice, to exercise sound discretion to determine what sanction to impose in light of the entire record before it." Id., 384. This court is thus not obligated to adopt the Massachusetts order exactly. The subject offenses were, according to the judgment, concluded in August 1987 and the information was dated September 30, 1992. The imposition of the sentence was June 17, 1993.
Although not mentioned by the Committee in this petition, P.B. § 28B.1 does require an attorney to give notice to the statewide bar counsel of any convictions of a felony in another jurisdiction. A conviction for this exact offense, i.e., making a false statement to influence a financial institution, is a felony and constitutes sufficient basis for disbarment.In re Bell, 588 N.E.2d 1093, cert den. 506 U.S. 861,113 S. Ct 180, 121 L.Ed.2d 126 (1992); Matter of Looby,297 N.W.2d 487 (S.D. 1980); Matter of Brickel, 407 N.Y.S.2d 147,148 (1978). The disciplinary action in Massachusetts was CT Page 3354 commenced March 23, 1995 and finished on March 29, 1995. According to P.B. § 26B, attorneys are to advise the Connecticut statewide bar counsel of all disciplinary actions imposed by other courts with thirty days of the order directing the action.
On April 10, 1995, Mr. Griffin's attorney advised the statewide bar counsel or both the Massachusetts conviction and disciplinary proceedings. This complies with P.B. § 26B but does not comply with P.B. § 28B.1(a) requiring notification of a conviction of a serious crime within ten days of the entry of the judgment of conviction. Moreover, it should also be noted that as Mr. Griffin was not registered with the Committee, the two to three attempts to notify him by certified mail were unsuccessful necessitating the need for publication for this proceeding.
The respondent has not come forward with any legitimate defense; he has obviously not proved any defense by clear and convincing evidence. The Committee has not asked for a longer suspension or a harsher penalty — it only asks that Mr. Griffin not be rewarded for his failure to comply with our regulations. This court finds the suspension should not be retroactive to May 13, 1993. Rather, it should be retroactive to April 10, 1995, the date Mr. Griffin so notified the Committee. Accordingly the respondent is suspended for three years from April 10, 1995.
Berger, J.