[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR RECIPROCAL DISCIPLINE
I
INTRODUCTION
Upon graduation from law school, the respondent, John Bradley Kaiser, was admitted to the Connecticut (on December 5, 1991), and also the Maryland, Virginia, and the District of Columbia bars. After clerking for a Maryland state court trial judge, he joined a Maryland law firm.
During January and February, 1996, Mr. Kaiser misappropriated law firm monies, and after confrontation, resigned from his law firm on March 3, 1996. His firm had contacted the Maryland Bar Counsel who, by letter, advised him that "such conduct warrants, CT Page 8368 in my opinion, a sanction requiring the loss of your license to practice." Mr. Kaiser consented to disbarment and further tendered his resignation to the Virginia bar, which granted the resignation on April 17, 1996 and the District of Columbia bar, which granted his resignation on September 5, 1996, effective April 15, 1996. Pursuant to P.B. § 28A[1], the Grievance Committee filed the instant petition seeking commensurate action by this court. On August 6, 1996, a hearing was held at which the respondent and a partner from his former law firm testified. This court heard the full details of the misappropriation: settling a case for $2,000 but informing the firm that it was only $1,000. The firm learned of the discrepancy when the defendant in the case called the firm while the respondent was on vacation. After confrontation, the respondent acknowledged the wrongdoing, made restitution, apologized, and resigned. The partner testified as to his shock at learning of the action; he and the other members of the firm had found the respondent to be a bright, hardworking, young attorney.
 II. DISCUSSION
P.B. § 28A requires this court to take commensurate action "unless it is found that any defense set forth in the answer has been established by clear and convincing evidence." "`[C]ommensurate action' under § 26C(c) [now § 28A] does not mean `identical action.' The trial court [has] inherent administration of justice, to exercise sound discretion to determine what sanction to impose in light of the entire record before it." In re Weisman, 203 Conn. 380, 384 (1987).
The respondent's argument is threefold. He first argues that no client was harmed in this case. See, Statewide GrievanceCommittee v. Shluger, 203 Conn. 668, 682 (1994) (Berdon, J., dissenting). Second, he argues that the actions were aberrational and not likely to be repeated and third, that disbarment is inconsistent with other disciplinary measures imposed by our courts. In support of this last argument, he has attached a chart of disciplinary measures imposed by Superior Court judges.
A review of that chart indicates that in one fee case, where a partner diverted the sum of $62,500 from a settlement and only paid after suit, the respondent received only a reprimand. The chart also shows reprimands for such actions as pleading guilty CT Page 8369 to submitting false records to a bank, investing clients' funds in the attorney's mortgage business, and improper endorsements on checks. Suspensions of less than one year are reflected for such actions as transferring monies from a client trust account to pay legal fees, and pleas of guilty in tax felony cases. Suspensions of longer than one year have been imposed for making false statements to a bank and disbarment for conviction after trial for the sale of cocaine.
This court need not address the issue of whether it is more serious to steal from a client or a partner. Both are equally horrible. Rather, the issue is whether disbarment is the appropriate sanction under this fact pattern. On one level, it is easy to conclude that if Mr. Kaiser believed it was appropriate to resign from three states, he should do so here. Why are we any different?
Mr. Kaiser has, however, not sought to resign; thus, the petitioner has filed the instant action seeking a commensurate penalty. No other court has been asked to impose a disciplinary measure or truly determine whether disbarment is appropriate.
It is clear that our judicially imposed sanctions are not consistent. That does not make them unjust or unwarranted; the sentences we impose in criminal cases are not always the same. See, State v. Candito, 4 Conn. App. 154, 158-159 (1985). In disciplinary procedures "courts are, as they should be, left free to act as may in each case seem best in this matter of most important concern to them and to the administration of justice."In re Peck, 88 Conn. 447, 457 (1914). The "paramount importance in attorney disciplinary matters is the protection of the court, the profession of the law and of the public against offenses of attorneys which involve their character, integrity and professional standing." Statewide Grievance Committee v. Shluger, supra, 230 Conn. 681.
This court has before it a young attorney who attempted to misappropriate $1,000 from his firm. While not adopted by the judges of this state, the American Bar Association has adopted Standards for Imposing Lawyer Sanctions which utilize, inter alia, a system for comparing aggravating and mitigating factors. In Statewide Grievance Committee v. Shluger, supra, 230 Conn. 673, f. 10, the court set forth the factors and ultimately reviewed and upheld the trial court's decision based on those CT Page 8370 factors. Id., 679-680. As an aggravating factor, there is no question that Mr. Kaiser's act was dishonest and one of greed. Balanced against this, however, is the absence of any prior disciplinary record, a timely effort to make restitution, full and free disclosure, and finally, a showing of remorse. This court was very impressed with the testimony of his former partner — the victim of the wrongdoing — who traveled here to testify and oppose the request for disbarment. This court also heard that the firm, after knowing of the misconduct, actually had the respondent try a multi-week case.
Mr. Kaiser's wrongdoing deserves a penalty. Nevertheless, under this factual pattern, when the aggravating and mitigating factors are analyzed and compared, and when other judicially imposed sanctions are reviewed, it is the decision of this court to not disbar Mr. Kaiser. Instead, this court imposes, as a commensurate sentence, a three year suspension effective April 15, 1996. Additionally, before the respondent may commence practice in this state, he must seek reinstatement pursuant to P.B. 36. He must also provide certification to the petitioner that he has completed at least 10 hours of a state bar approved educational course in legal ethics and that he has not committed a violation of any state or federal law.
Berger, J.