[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case comes to this court as an application for reciprocal discipline.
1. On or about January 23, 1995, J. Eric Anderson, juris number 410647, was duly admitted as an attorney to practice law in Connecticut.
2. J. Eric Anderson maintains an office for the practice of law within the Stamford/Nowalk Judicial District at 43 Arch Street, Greenwich, Connecticut.
3. J. Eric Anderson was admitted to practice law in the State of California in 1967.
4. J. Eric Anderson was admitted to practice law in the State of Massachusetts in 1968.
5. J. Eric Anderson was admitted to practice law in the State of Vermont in 1969.
6. By order dated December 26, 2000, J. Eric Anderson was publicly reprimanded by the Vermont Supreme Court.
The court has reviewed in full, Exhibit #1 which is the entry order of the Vermont Supreme Court and the attachments thereto of the State of Vermont Professional Conduct Board. In Exhibit #1 there is a concurrence and a dissenting opinion by the members of the Professional Conduct Board. The thrust of the dissent is that Mr. Anderson's violation of the rule was minor and the appropriate sanction should have been a private admonition. CT Page 8993
Attorney Anderson was a member of the Professional Conduct Board of Vermont for ten years and its Chairman from 1989 to 1993. The conduct for which he was sanctioned took place in 1994. The conduct in essence, that he was sanctioned for, was for failure to act promptly enough, not for failure to act. In fact, he found a problem with his partner's handling of the trust account and in fact, under the Vermont rules reported his partner's violation on August 30, 1994. The majority opinion concluded that on July 21, 1994 he knew of the violation, but did not report it until August 30, 1994.
Reading between the lines of the Vermont Professional Conduct Board decision, it is clear to this court that he was punished because he was held to a higher standard than others because of his membership on the Professional Conduct Board and having been its former Chairman. The court recognizes that in that job you make very few friends and lots of enemies. Based on this court's review, the dissenting reasoning was better and there should have been a private admonition under all the circumstances.
It is not this court's job to retry the Vermont matter, particularly in light of the fact that the Vermont Supreme Court did affirm the public reprimand.
In Connecticut we have no public reprimand. The Statewide Grievance Committee seeks a reprimand.
 "Therefore, if a court disciplines an attorney, it does so not to mete out punishment to an offender, but so that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession." Statewide Grievance Committee v. Botwick, 226 Conn. 299, 307 (1993).
It is also clear in Connecticut that commensurate action does not mean identical action. In re Weissman, 203 Conn. 380, at 384 The trial court has inherent judicial power derived from judicial responsibility for the administration of justice to exercise sound discretion to determine what sanction to impose in light of the entire record before it.
This incident happened in 1994. The court finds no need presently to safeguard the courts further nor to protect the public further.
It is also clear that when attorney Anderson applied for admission to the Bar in Connecticut, the Bar Examining Committee was made fully aware CT Page 8994 of the pending claim against him in Vermont. That Committee recommended the respondent's admission to the Bar despite that pending claim.
Section 2-39, the Reciprocal Discipline section of the Practice Book, provides that after hearing the court shall take commensurate action unless it is found that any defenses set forth in the answer have been established by clear and convincing evidence. The court finds that the defendant has established by clear and convincing evidence:
1. The charges which were the subject of the Vermont Supreme Court's action were pending against the respondent at the time he applied for admission to the Bar in Connecticut and were fully investigated by the Bar Examining Committee and that Committee recommended respondent's admission to the Bar.
2. The conduct that prompted the charges in Vermont would not violate the Rules of Professional Conduct that apply in Connecticut, particularly since the Vermont attorneys were governed by the Vermont Code of Professional Responsibility rather than the Connecticut attorney's Rules of Professional Conduct.
3. The sanction administered was more severe than was warranted under the facts.
Accordingly, the court denies the application for reciprocal discipline. If this court had as a sanction dismissal with criticism, this court would have applied that sanction.
KARAZIN, JUDGE