[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Statewide Grievance Committee brought this Application for Reciprocal Discipline, pursuant to Practice Book § 2-39, following a notice, dated March 14, 2001, of the respondent's suspension from the practice of law in the State of Rhode Island for sixty (60) days, commencing April 13, 2001, through June 12, 2001. The petitioner subsequently filed an amended petition notifying the court that on June 19, 2001, the Supreme Court of Rhode Island suspended the respondent indefinitely from the practice of law in that state pending resolution of all disciplinary matters against him. Certified copies of the suspension orders issued by the Supreme Court of Rhode Island were appended to the original and amended applications in accordance with § 2-39 (a) and filed with the court.
Practice Book § 2-39(c) provides in pertinent part as follows:
 After hearing, the court shall take commensurate action unless it is found that any defense set forth in the answer has been established by clear and convincing evidence.
The hearing on the application was originally scheduled for September 12, 2001, at which time the respondent appeared pro se and requested a continuance to obtain counsel. He appeared on the continuance date of September 25, 2001, seeking a further continuance on the ground that he had been unable to communicate with his attorney. He was then ordered to appear on October 23, 2001, prepared to proceed with the hearing. The respondent appeared pro se on October 23, 2001, on which date, a hearing on the application commenced. There being no answer by the respondent filed as of that date, the court recessed the proceeding and ordered the respondent to file an answer prior to the commencement of the evidentiary portion of the hearing. A hearing was then held on October 23, 2001, and continued to November 13, 2001, December 3, 2001, and March 4, 2002.
Although there was no defense articulated in his handwritten answer, the respondent also filed another handwritten document entitled "Reasons Why Commensurate Action Would be Unwarranted," along with his answer which does arguably assert defenses to the application. The respondent also attempted to set forth a defense in the course of his testimony by addressing each of the grievance matters encompassed by the suspension orders of the Rhode Island Supreme Court.
Based on the full exhibits and the testimony of the respondent, the court finds that the respondent has failed to establish by clear and convincing evidence any defense to the petitioner's application. Therefore, the court is required pursuant to § 2-39 (c) "to take commensurate action." CT Page 6042
"Commensurate action" does not necessarily mean "identical action." The trial court has "inherent judicial power, derived from judicial responsibility for the administration of justice, to exercise sound discretion to determine what sanction to impose in light of the entire record before it." In re Weissman, 203 Conn. 380, 384, 524 A.2d 1141
(1987). "[O]f paramount importance in attorney disciplinary matters is the protection of the court, the profession of the law and of the public against offenses of attorneys which involve their character, integrity and professional standing." (Internal quotation marks omitted.) StatewideGrievance Committee v. Shluger, 230 Conn. 668, 681, 646 A.2d 781 (1994).
The respondent has a history of related grievances in the states of Rhode Island and Connecticut. The discipline that has resulted arises not from defects in the character or integrity of the respondent but from poor time management and practice skills and a failure to respond promptly and appropriately to disciplinary proceedings. Essentially, the client issues that have given rise to discipline usually manage to get resolved during the pendency of the proceedings and what typically remains is a lack of proper regard for the disciplinary process and a failure to appreciate the importance of the Rules of Professional Conduct to the legal profession. Nonetheless, the court recognizes the dire consequences to the respondent's personal and professional life should he be suspended in Connecticut as well as Rhode Island and is moved by his stated willingness to address his deficiencies as a professional under court supervision.
Accordingly, the court enters the following interim orders pending the imposition of final discipline in this case. It is hereby
 ORDERED, that the case be continued for a period of eighteen (18) months, commencing immediately. During this period, the respondent will be under an interim order of court supervision subject to compliance with the terms and conditions specified in this order.
Accordingly, the respondent is hereby ORDERED to
 (1) register, attend and complete a course on the subject of professional ethics with a minimum grade of "B" or the academic equivalent, in each course, administered by an approved law school. The law school as well as the content of the course must also be preapproved by counsel for the petitioner. Alternatively, the respondent is allowed to substitute an approved bar review course on legal ethics if he CT Page 6043 immediately upon completion and within the eighteen (18) month period of court supervision, takes and passes the MPRE (Multistate Professional Responsibility Examination). The courses in question must be completed prior to the conclusion of the eighteen (18) month period;
 (2) register, attend and complete a course on the subject of law office management administered by an approved law school. The law school as well as the content of the course must also be preapproved by counsel for the petitioner. Alternatively, the respondent may substitute 6.0 hours of continuing legal education credit on the subject of law office management and 6.0 of continuing legal education credit on the subject of professional ethics for a total of 12.0 hours of continuing legal education credits. The 6.0 hours of continuing legal education on the subject of law office management must include all day (8:30 a.m.-4:45 p.m.) attendance at the CT Bar Institute, Inc., program offered on Friday, June 14, 2002, at the CBA Law Center, 30 Bank Street, New Britain, CT, entitled, "Law Office Risk Management." The courses in question must be completed prior to the conclusion of the eighteen (18) month period;
 (3) cooperate with any and all pending or newly filed disciplinary proceedings in any jurisdiction as well as any discipline imposed in connection therewith;
 (4) accept and comply with the supervision of Ronald F. Stevens, Esq., Stevens, Harris Guernsey, P.C., 351 Main Street, Niantic, Connecticut 06357; telephone (860) 739-6908, who is hereby appointed by the court to serve as a mentor for the respondent for a nine (9) month period commencing June 1, 2002. During the mentor period, the respondent is to present Attorney Stevens with a list of all cases in which he has appeared as counsel as of June 1, 2002, pending in the courts of the state of Connecticut. For each case, the respondent is to provide a brief status report which is to include the name, address and telephone number of the court in which the case is pending as well as the names, addresses and telephone numbers of all appearing counsel. These files shall be subject to CT Page 6044 periodic inspection by Attorney Stevens who will report to the court at ninety (90) day intervals during the nine (9) month period, or more frequently as circumstances may require, for the purpose of determining whether the respondent is in compliance with the applicable provisions of the Practice Book, including but not limited to chapters 4, 10, 11, 13, 14, 16, 17, 36-44, as well as the rules of professional conduct. Since this is a mentor relationship, it is expected that any guidance offered by Attorney Stevens concerning compliance with the Practice Book or the rules of professional conduct will be followed.
It is not expected that Attorney Stevens will have any client involvement or offer any client advice to the respondent's clients. The respondent is not to seek legal advice or rely on anything that could be arguably perceived as legal advice from Attorney Stevens. Further, the court does not regard that Attorney Stevens will be deemed to have an attorney-client relationship either with the respondent or any client of the respondent. The communications between Attorney Stevens and the respondent are not confidential communications in that pursuant to this order, Attorney Stevens' obligation is to report to the court and may, in fact, become a necessary witness in future hearings concerning final discipline.
If at any time during the interim eighteen (18) month period, the court finds, after a hearing, that the respondent is not in full compliance with the foregoing terms, or not fully cooperating with Attorney Stevens, a final disciplinary hearing shall be commenced.
The parties shall have until 5:00 pm on May 20, 2002, to submit comments to this order. Any such comments shall be filed with the clerk and a copy sent directly to the undersigned.
Peck, J.