[820 NYS2d 130]

In the Matter of JAMES F. MISIANO (Admitted as JAMES FRANK MISIANO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 22, 2006

*Rita E. Adler*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

*Edwin J. Mulhern*, Carle Place, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing two charges of professional misconduct. After a pretrial conference and a hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither cross-moved nor requested additional time in which to submit a reply.

Charge One of the petition alleges that the respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7, in violation of Code of Professional Responsibility DR 1-102 (a) (3) and/or (5) (22 NYCRR 1200.3 [a] [3], [5]).

The single-count misdemeanor information filed against the respondent on or about May 9, 2003, in the United States District Court, Eastern District of New York, charged that the respondent knowingly and with intent to defraud, made materially false statements to the United States Department of Housing and Urban Development, in violation of 18 USC §§ 1012 and 3551 *et seq*. On or about May 23, 2003, before United States Magistrate Judge Michael L. Orenstein, the respondent pleaded guilty to the single-count misdemeanor information. He was sentenced on or about May 14, 2004, by United States District Judge Denis R. Hurley to a term of probation of one year and an assessment of $25.

Charge Two alleges that the respondent has engaged in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by reason of the foregoing.

The parties entered into a stipulation dated July 7, 2005, agreeing that the following facts are not in dispute: (1) that the respondent pleaded guilty before United States Magistrate

Judge Michael L. Orenstein, United States District Court, Eastern District of New York, to one count of violating 18 USC § 1012, "with intent to defraud, makes any false entry in any book of the Department of Housing and Urban Development or makes any false report or statement to or for such Department," a misdemeanor; (2) that during the respondent's plea allocution on May 23, 2003, he admitted that he was the attorney for a seller of real property and that he intentionally and with intent to defraud the United States Department of Housing and Urban Development, made a materially false statement regarding that real estate transaction to a special agent; (3) that the respondent was sentenced on May 14, 2004, before the Honorable Denis R. Hurley, United States District Court, Eastern District of New York, to a term of probation for a period of one year, and (4) that a judgment of conviction, dated May 18, 2004, was filed on May 19, 2004, in the Eastern District of New York, convicting the respondent of that offense.

Based on the stipulation and the evidence adduced, the Special Referee properly sustained both charges and the Grievance Committee's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, we note the respondent's expressed remorse and acceptance of full responsibility for his actions, as well as family health problems. The respondent's conduct has not affected any of his clients. Throughout his practice, the respondent noted that he has never had any complaints concerning financial dealings with clients. Affidavits from the respondent's two law partners and from a title closer attest to his professionalism. He has no prior disciplinary history.

Under the circumstances, the respondent is publicly censured for his professional misconduct.

FLORIO, J.P., MILLER, SCHMIDT, ADAMS and KRAUSMAN, JJ., concur.

Ordered that the motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.