■ In the Matter of DAVID AVIGDOR, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [964 NYS2d 275]—

Per Curiam. Respondent was admitted to practice by this Court in 1992. He maintained an office for the practice of law in Connecticut, where he was admitted to practice in 1983.

In June 2012, respondent was convicted in the United States District Court for the District of Connecticut upon his plea of guilty to a violation of 18 USC § 1012, making a false statement to the Department of Housing and Urban Development, a serious crime as that term is defined by Judiciary Law § 90 (4) (d) (*see Matter of Ruegger*, 207 AD2d 166 [1995]; *see also Matter of Misiano*, 33 AD3d 254 [2006]). The District Court sentenced respondent to three years of supervised probation and ordered him to pay a $3,000 fine and $20,000 in restitution. As part of his criminal plea, respondent knowingly and voluntarily

resigned from the practice of law in Connecticut for a period of one year effective July 2, 2012.

Petitioner now moves for a final order of discipline pursuant to Judiciary Law § 90 (4) (g) based upon respondent's conviction and sentence for a serious crime. In response, respondent has filed an affidavit requesting that certain mitigating circumstances be considered in imposing a disciplinary sanction. In mitigation, respondent cites his service as a rabbi to a Connecticut congregation for the past 32 years, expresses remorse for his misconduct, and has submitted numerous character letters written on his behalf.

Under the circumstances presented and in the interest of justice, we conclude that respondent should be suspended from the practice of law for a period of one year, effective nunc pro tunc as of July 2, 2012 (*see Matter of Cecil*, 190 AD2d 986 [1993]; *see also Matter of Klarman*, 22 AD3d 953 [2005]).

Mercure, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective nunc pro tunc as of July 2, 2012, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).